**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SIGNIFY NORTH AMERICA CORPORATION; SIGNIFY HOLDING B.V.,** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **Civil Action No. 1:22-cv-01447** |
| **MENARD, INC.** | ) | |
| **Defendant, Third-Party Plaintiff** | ) | |
| **v.** | ) | |
| **LUMINEX INTERNATIONAL COMPANY, LTD.; AMERICAN LIGHTING, INC.; RICHPOWER INDUSTRIES, INC.; EAST WEST COMMERCE CO., INC.; AFX, INC.; ALERT REEL MANUFACTURING, LLC; BEST LIGHTING PRODUCTS, INC.; K LIVE D/B/A BULB STAR; CL CORPORATION D/B/A PINEGREEN LIGHTING; GOOD EARTH LIGHTING, INC.; GT INDUSTRIAL PRODUCTS, L.L.C.; SOARING TECHNOLOGY CO., LTD; ZONE INDUSTRY CORPORATION** | ) | |
| **Third-Party Defendants** | ) | |

**DEFENDANT MENARD INC.'S THIRD-PARTY COMPLAINT**

Defendant Menard, Inc. (hereinafter "Menard"), by its undersigned counsel and pursuant to Federal Rule of Civil Procedure 14, hereby brings the following claim against Third-Party Defendants Luminex International Company, Ltd. (hereinafter "Luminex"), American Lighting, Inc. (hereinafter "American Lighting"), Richpower Industries, Inc. (hereinafter "Richpower"), East West Commerce Co., Inc. (hearinafter "East West"), AFX, Inc. (hereinafter "AFX"), Alert Reel Manufacturing, LLC (hereinafter "Alert"), Best Lighting Products Inc. (hereinafter "Best

Lighting"), K Live d/b/a Bulb Star (hereafter "Bulb Star"), CL Corporation d/b/a Pinegreen Lighting (hereinafter "CL Corporation"), Good Earth Lighting, Inc. (hereinafter "Good Earth"), GT Industrial Products, L.L.C. (hereinafter "GT Industrial"), Soaring Technology Co., LTD (hereinafter "Soaring") and Zone Industry Corporation (hereinafter "Zone Industry") (collectively "the Third-Party Defendants"). The Third-Party Defendants are or may be liable to Menard for all or part of the claims brought by Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively "Signify"). Menard alleges as follows:

## NATURE OF THE ACTION

1. This is an action for indemnity against the Third-Party Defendants for claims brought by Plaintiff Signify against Menard.

2. Plaintiff Signify alleges in the Complaint that Menard has committed acts of patent infringement.

3. Menard denies any liability to Signify, but asserts that, if held liable, Menard is entitled to indemnification by the Third-Party Defendants.

## PARTIES

4. Menard is a Wisconsin corporation headquartered at 5101 Menard Drive, Eau Claire, Wisconsin 54703.

5. Upon information and belief, Luminex is a Taiwan limited company with a place of business at 5F 30 Yixan Road, Taipei, 11071 Taiwan.

6. Upon information and belief, American Lighting is a Delaware corporation with a place of business at 11775 East 45th Avenue, Denver, Colorado 80239.

7. Upon information and belief, Richpower is a South Carolina corporation with a place of business at 736 Hampton Road, Williamston, South Carolina 29697.

8. Upon information and belief, East West is an Illinois corporation with a place of business at 3703 102nd Place S.E., Everett, Washington 98208.

9. Upon information and belief AFX is an Illinois corporation with a place of business at 2345 N. Ernie Krueger Circle, Waukegan, Illinois 60087.

10. Upon information and belief Alert is a New York limited liability company with a place of business at 160 Elmview Avenue, Hamburg, New York 14075.

11. Upon information and belief Best Lighting is a Delaware corporation with a place of business at 3366 Riverside Drive Suite 103, Upper Arlington, Ohio 43221.

12. Upon information and belief Bulb Star is a dba of K Live, a California corporation with a place of business at 1709 S 2nd ST #4, Alhambra, California 91801.

13. Upon information and belief CL Corporation is a Colorado limited liability company with a place of business at 16075 E 32nd Ave, STE A, Aurora, Colorado 80011.

14. Upon information and belief Good Earth is an Illinois corporation with a place of business at 1400 East Business Center Drive, Ste. 108, Mount Prospect, Illinois 60056.

15. Upon information and belief GT Industrial is a Colorado limited liability company with a place of business at 12900 E Smith Rd, Suite 200, Aurora, CO 80011.

16. Upon information and belief Soaring is a Taiwan limited company with a place of business at 1F, No. 32 Zhongxing Road, Xizhi District, New Taipei City 22161, Taiwan, R.O.C.

17. Upon information and belief Zone Industry is a Taiwan corporation with a place of business at 2413 Algonquin Road, Suite 246, Algonquin, Illinois 60102.

## JURISDICTION AND VENUE

18. This Court has original subject matter jurisdiction over claims for patent infringement under 28 U.S.C. §§ 1331, 1338.

19. This Court has subject matter jurisdiction over this claim against the Third-Party Defendants under at least 28 U.S.C. § 1367(a).

20. This Court has personal jurisdiction over the Third-Party Defendants by virtue of the Third-Party Defendants' systematic and continuous contacts with Ohio and this judicial district, including supplying the products accused of violating Plaintiff's rights in the Complaint.

21. This Court has personal jurisdiction over the Third-Party Defendants by virtue of the contract between Menard and the Third-Party Defendants requiring the Third-Party Defendants defend Menard in patent litigation cases.

22. As described in the pending Motion To Transfer Venue (ECF 18), Menard and all of the Third-Party Defendants have consented to venue in the Western District of Wisconsin.

## COUNT I: INDEMNIFICATION AND DEFENSE BY LUMINEX

23. Menard realleges and incorporates by reference Paragraphs 1-22 as if set forth fully herein.

24. Menard and Luminex are parties to a Menards Customer Returns, Defective Goods Policy and Conditions of Order Agreement.

25. The Agreement has not been terminated.

26. Luminex agreed to defend, indemnify and hold Menard harmless from and against all claims of any actual or alleged violation or infringement of any intellectual property right,

including patent infringement arising from Menard's use, sale or offering for sale of any goods provided by Luminex. Conditions of Order, Paragraph 6.

27. Luminex represents and warrants in the Agreement that the goods sold by Luminex to Menard are in compliance with all federal laws of any kind affecting the goods. Conditions of Order, Paragraph 3.

28. The Agreement requires Luminex to indemnify, defend and hold harmless Menard from and against any claims, litigation, or suits.

29. The Agreement requires Luminex to indemnify or defend as a matter of first defense and payment, not as a matter of reimbursement.

30. UCC § 2-312(3), Ohio Rev. Code § 1302.25(C) and Wis. Stat. § 402.312(3) require a seller to deliver goods free of the rightful claim of any third person by the way of infringement.

31. Menard incorporates Plaintiffs' Complaint (ECF 1) by reference, solely for the limited purposes of describing Plaintiffs' claims and allegations against Menard. (Menard denies liability as stated in its Answer. ECF 17.)

32. The alleged "Luminex Infringing Products" referenced in Plaintiffs' Complaint include SKU#s 349-1199, 349-1202, 349-1342, 349-1343, 349-1348, 349-1352, 349-1362, 349-2134, 349-2135, 351-0008, 351-4739, 351-8792 and 349-1349.

33. The alleged "Luminex Infringing Products" referenced in Plaintiffs' Complaint were supplied to Menard by Luminex and are subject to the Agreement, including the indemnification obligations stated above.

34. Menard denies any liability to Plaintiffs, but Menard is currently suffering harm at least in the form of ongoing costs of defense that are cognizable under the Agreement.

35. To the extent Plaintiffs' allegations are based on use or sale of goods provided by Luminex to Menard under the Agreement, Menard is entitled to complete indemnification by Luminex for all costs of defense and expenses incurred in defending against Plaintiffs' claims and any judgment payable to Plaintiff on such claims.

**COUNT II: INDEMNIFICATION AND DEFENSE BY AMERICAN LIGHTING**

36. Menard realleges and incorporates by reference Paragraphs 1-22 as if set forth fully herein.

37. Menard and American Lighting are parties to a Menards Customer Returns, Defective Goods Policy and Conditions of Order Agreement.

38. The Agreement has not been terminated.

39. American Lighting agreed to defend, indemnify and hold Menard harmless from and against all claims of any actual or alleged violation or infringement of any intellectual property right, including patent infringement arising from Menard's use, sale or offering for sale of any goods provided by American Lighting. Conditions of Order, Paragraph 6.

40. American Lighting represents and warrants in the Agreement that the goods sold by American Lighting to Menard are in compliance with all federal laws of any kind affecting the goods. Conditions of Order, Paragraph 3.

41. The Agreement requires American Lighting to indemnify, defend and hold harmless Menard from and against any claims, litigation, or suits.

42. The Agreement requires American Lighting to indemnify or defend as a matter of first defense and payment, not as a matter of reimbursement.

43. UCC § 2-312(3), Ohio Rev. Code § 1302.25(C) and Wis. Stat. § 402.312(3) require a seller to deliver goods free of the rightful claim of any third person by the way of infringement.

44. Menard incorporates Plaintiffs' Complaint (ECF 1) by reference, solely for the limited purposes of describing Plaintiffs' claims and allegations against Menard. (Menard denies liability as stated in its Answer. ECF 17.)

45. The alleged "American Lighting Infringing Products" referenced in Plaintiffs' Complaint include SKU#s 346-0639, 349-1201, 349-1204, 349-1206, 349-1207, 349-1274, 349-1279, 349-1345, 349-1346, 349-1347, 349-1353, 349-1354, 349-1385, 349-1386, 349-1387, 349-1388, 349-1391, 349-1392, 349-1393, 349-1395, 349-2101, 349-2102 and 349-1394.

46. The alleged "American Lighting Infringing Products" referenced in Plaintiffs' Complaint were supplied to Menard by Luminex and are subject to the Agreement, including the indemnification obligations stated above.

47. Menard denies any liability to Plaintiffs, but Menard is currently suffering harm at least in the form of ongoing costs of defense that are cognizable under the Agreement.

48. To the extent Plaintiffs' allegations are based on use or sale of goods provided by American Lighting to Menard under the Agreement, Menard is entitled to complete indemnification by American Lighting for all costs of defense and expenses incurred in defending against Plaintiffs' claims and any judgment payable to Plaintiff on such claims.

**COUNT III: INDEMNIFICATION AND DEFENSE BY RICHPOWER**

49. Menard realleges and incorporates by reference Paragraphs 1-22 as if set forth fully herein.

50. Menard and Richpower are parties to a Menards Customer Returns, Defective Goods Policy and Conditions of Order Agreement. Exhibit C.

51. The Agreement has not been terminated.

52. Richpower agreed to defend, indemnify and hold Menard harmless from and against all claims of any actual or alleged violation or infringement of any intellectual property right, including patent infringement arising from Menard's use, sale or offering for sale of any goods provided by Richpower. Conditions of Order, Paragraph 6.

53. Richpower represents and warrants in the Agreement that the goods sold by Richpower to Menard are in compliance with all federal laws of any kind affecting the goods. Conditions of Order, Paragraph 3.

54. The Agreement requires Richpower to indemnify, defend and hold harmless Menard from and against any claims, litigation, or suits.

55. The Agreement requires Richpower to indemnify or defend as a matter of first defense and payment, not as a matter of reimbursement.

56. UCC § 2-312(3), Ohio Rev. Code § 1302.25(C) and Wis. Stat. § 402.312(3) require a seller to deliver goods free of the rightful claim of any third person by the way of infringement.

57. Menard incorporates Plaintiffs' Complaint (ECF 1) by reference, solely for the limited purposes of describing Plaintiffs' claims and allegations against Menard. (Menard denies liability as stated in its Answer. ECF 17.)

58. The alleged "Richpower Infringing Products" referenced in Plaintiffs' Complaint include SKU#s 370-3689 and 370-5380.

59. The alleged "Richpower Infringing Products" referenced in Plaintiffs' Complaint were supplied to Menard by Richpower and are subject to the Agreement, including the indemnification obligations stated above.

60. Menard denies any liability to Plaintiffs, but Menard is currently suffering harm at least in the form of ongoing costs of defense that are cognizable under the Agreement.

61. To the extent Plaintiffs' allegations are based on use or sale of goods provided by Richpower to Menard under the Agreement, Menard is entitled to complete indemnification by Richpower for all costs of defense and expenses incurred in defending against Plaintiffs' claims and any judgment payable to Plaintiff on such claims.

**COUNT IV: INDEMNIFICATION AND DEFENSE BY EAST WEST**

62. Menard realleges and incorporates by reference Paragraphs 1-22 as if set forth fully herein.

63. Menard and East West are parties to a Menards Customer Returns, Defective Goods Policy and Conditions of Order Agreement.

64. The Agreement has not been terminated.

65. East West agreed to defend, indemnify and hold Menard harmless from and against all claims of any actual or alleged violation or infringement of any intellectual property right, including patent infringement arising from Menard's use, sale or offering for sale of any goods provided by East West. Conditions of Order, Paragraph 6.

66. East West represents and warrants in the Agreement that the goods sold by East West to Menard are in compliance with all federal laws of any kind affecting the goods. Conditions of Order, Paragraph 3.

67. The Agreement requires East West to indemnify, defend and hold harmless Menard from and against any claims, litigation, or suits.

68. The Agreement requires East West to indemnify or defend as a matter of first defense and payment, not as a matter of reimbursement.

69. UCC § 2-312(3), Ohio Rev. Code § 1302.25(C) and Wis. Stat. § 402.312(3) require a seller to deliver goods free of the rightful claim of any third person by the way of infringement.

70. Menard incorporates Plaintiffs' Complaint (ECF 1) by reference, solely for the limited purposes of describing Plaintiffs' claims and allegations against Menard. (Menard denies liability as stated in its Answer. ECF 17.)

71. The alleged "East West Infringing Products" referenced in Plaintiffs' Complaint include SKU#s 349-1292 and 351-8703.

72. The alleged "East West Infringing Products" referenced in Plaintiffs' Complaint were supplied to Menard by East West and are subject to the Agreement, including the indemnification obligations stated above.

73. Menard denies any liability to Plaintiffs, but Menard is currently suffering harm at least in the form of ongoing costs of defense that are cognizable under the Agreement.

74. To the extent Plaintiffs' allegations are based on use or sale of goods provided by East West to Menard under the Agreement, Menard is entitled to complete indemnification by East West for all costs of defense and expenses incurred in defending against Plaintiffs' claims and any judgment payable to Plaintiff on such claims.

**COUNT V: INDEMNIFICATION AND DEFENSE BY AFX**

75. Menard realleges and incorporates by reference Paragraphs 1-22 as if set forth fully herein.

76. Menard and AFX are parties to a Menards Customer Returns, Defective Goods Policy and Conditions of Order Agreement.

77. The Agreement has not been terminated.

78. AFX agreed to defend, indemnify and hold Menard harmless from and against all claims of any actual or alleged violation or infringement of any intellectual property right, including patent infringement arising from Menard's use, sale or offering for sale of any goods provided by AFX. Conditions of Order, Paragraph 6.

79. AFX represents and warrants in the Agreement that the goods sold by AFX to Menard are in compliance with all federal laws of any kind affecting the goods. Conditions of Order, Paragraph 3.

80. The Agreement requires AFX to indemnify, defend and hold harmless Menard from and against any claims, litigation, or suits.

81. The Agreement requires AFX to indemnify or defend as a matter of first defense and payment, not as a matter of reimbursement.

82. UCC § 2-312(3), Ohio Rev. Code § 1302.25(C) and Wis. Stat. § 402.312(3) require a seller to deliver goods free of the rightful claim of any third person by the way of infringement.

83. Menard incorporates Plaintiffs' Complaint (ECF 1) by reference, solely for the limited purposes of describing Plaintiffs' claims and allegations against Menard. (Menard denies liability as stated in its Answer. ECF 17.)

84. The alleged "AFX Infringing Products" referenced in Plaintiffs' Complaint include SKU#s 351-8420 and 351-8716.

85. The alleged "AFX Infringing Products" referenced in Plaintiffs' Complaint were supplied to Menard by AFX and are subject to the Agreement, including the indemnification obligations stated above.

86. Menard denies any liability to Plaintiffs, but Menard is currently suffering harm at least in the form of ongoing costs of defense that are cognizable under the Agreement.

87. To the extent Plaintiffs' allegations are based on use or sale of goods provided by AFX to Menard under the Agreement, Menard is entitled to complete indemnification by AFX for all costs of defense and expenses incurred in defending against Plaintiffs' claims and any judgment payable to Plaintiff on such claims.

**COUNT VI: INDEMNIFICATION AND DEFENSE BY ALERT**

88. Menard realleges and incorporates by reference Paragraphs 1-22 as if set forth fully herein.

89. Menard and Alert are parties to a Menards Customer Returns, Defective Goods Policy and Conditions of Order Agreement.

90. The Agreement has not been terminated.

91. Alert agreed to defend, indemnify and hold Menard harmless from and against all claims of any actual or alleged violation or infringement of any intellectual property right, including patent infringement arising from Menard's use, sale or offering for sale of any goods provided by Alert. Conditions of Order, Paragraph 6.

92. Alert represents and warrants in the Agreement that the goods sold by Alert to Menard are in compliance with all federal laws of any kind affecting the goods. Exhibit F, Conditions of Order, Paragraph 3.

93. The Agreement requires Alert to indemnify, defend and hold harmless Menard from and against any claims, litigation, or suits.

94. The Agreement requires Alert to indemnify or defend as a matter of first defense and payment, not as a matter of reimbursement.

95. UCC § 2-312(3), Ohio Rev. Code § 1302.25(C) and Wis. Stat. § 402.312(3) require a seller to deliver goods free of the rightful claim of any third person by the way of infringement.

96. Menard incorporates Plaintiffs' Complaint (ECF 1) by reference, solely for the limited purposes of describing Plaintiffs' claims and allegations against Menard. (Menard denies liability as stated in its Answer. ECF 17.)

97. The alleged "Alert Infringing Products" referenced in Plaintiffs' Complaint include SKU#s 370-5493 and 370-5497.

98. The alleged "Alert Infringing Products" referenced in Plaintiffs' Complaint were supplied to Menard by Alert and are subject to the Agreement, including the indemnification obligations stated above.

99. Menard denies any liability to Plaintiffs, but Menard is currently suffering harm at least in the form of ongoing costs of defense that are cognizable under the Agreement.

100. To the extent Plaintiffs' allegations are based on use or sale of goods provided by Alert to Menard under the Agreement, Menard is entitled to complete indemnification by Alert

for all costs of defense and expenses incurred in defending against Plaintiffs' claims and any judgment payable to Plaintiff on such claims.

**COUNT VII: INDEMNIFICATION AND DEFENSE BY BEST LIGHTING**

101. Menard realleges and incorporates by reference Paragraphs 1-14 as if set forth fully herein.

102. Menard and Best Lighting are parties to a Menards Customer Returns, Defective Goods Policy and Conditions of Order Agreement.

103. The Agreement has not been terminated.

104. Best Lighting agreed to defend, indemnify and hold Menard harmless from and against all claims of any actual or alleged violation or infringement of any intellectual property right, including patent infringement arising from Menard's use, sale or offering for sale of any goods provided by Best Lighting. Conditions of Order, Paragraph 6.

105. Best Lighting represents and warrants in the Agreement that the goods sold by Best Lighting to Menard are in compliance with all federal laws of any kind affecting the goods. Conditions of Order, Paragraph 3.

106. The Agreement requires Best Lighting to indemnify, defend and hold harmless Menard from and against any claims, litigation, or suits.

107. The Agreement requires Best Lighting to indemnify or defend as a matter of first defense and payment, not as a matter of reimbursement.

108. UCC § 2-312(3), Ohio Rev. Code § 1302.25(C) and Wis. Stat. § 402.312(3) require a seller to deliver goods free of the rightful claim of any third person by the way of infringement.

109. Menard incorporates Plaintiffs' Complaint (ECF 1) by reference, solely for the limited purposes of describing Plaintiffs' claims and allegations against Menard. (Menard denies liability as stated in its Answer. ECF 17.)

110. The alleged "Best Lighting Infringing Products" referenced in Plaintiffs' Complaint include SKU#s 346-9030 and 348-2107.

111. The alleged "Best Lighting Infringing Products" referenced in Plaintiffs' Complaint were supplied to Menard by Best Lighting and are subject to the Agreement, including the indemnification obligations stated above.

112. Menard denies any liability to Plaintiffs, but Menard is currently suffering harm at least in the form of ongoing costs of defense that are cognizable under the Agreement.

113. To the extent Plaintiffs' allegations are based on use or sale of goods provided by Best Lighting to Menard under the Agreement, Menard is entitled to complete indemnification by Best Lighting for all costs of defense and expenses incurred in defending against Plaintiffs' claims and any judgment payable to Plaintiff on such claims.

**COUNT VIII: INDEMNIFICATION AND DEFENSE BY BULB STAR**

114. Menard realleges and incorporates by reference Paragraphs 1-22 as if set forth fully herein.

115. Menard and Bulb Star are parties to a Menards Customer Returns, Defective Goods Policy and Conditions of Order Agreement.

116. The Agreement has not been terminated.

117. Bulb Star agreed to defend, indemnify and hold Menard harmless from and against all claims of any actual or alleged violation or infringement of any intellectual property right, including patent infringement arising from Menard's use, sale or offering for sale of any goods provided by Bulb Star. Conditions of Order, Paragraph 6.

118. Bulb Star represents and warrants in the Agreement that the goods sold by Bulb Star to Menard are in compliance with all federal laws of any kind affecting the goods. Conditions of Order, Paragraph 3.

119. The Agreement requires Bulb Star to indemnify, defend and hold harmless Menard from and against any claims, litigation, or suits.

120. The Agreement requires Bulb Star to indemnify or defend as a matter of first defense and payment, not as a matter of reimbursement.

121. UCC § 2-312(3), Ohio Rev. Code § 1302.25(C) and Wis. Stat. § 402.312(3) require a seller to deliver goods free of the rightful claim of any third person by the way of infringement.

121. Menard incorporates Plaintiffs' Complaint (ECF 1) by reference, solely for the limited purposes of describing Plaintiffs' claims and allegations against Menard. (Menard denies liability as stated in its Answer. ECF 17.)

122. The alleged "Bulb Star Infringing Products" referenced in Plaintiffs' Complaint include SKU#s 349-1294.

123. The alleged "Bulb Star Infringing Products" referenced in Plaintiffs' Complaint were supplied to Menard by Bulb Star and are subject to the Agreement, including the indemnification obligations stated above.

124. Menard denies any liability to Plaintiffs, but Menard is currently suffering harm at least in the form of ongoing costs of defense that are cognizable under the Agreement.

125. To the extent Plaintiffs' allegations are based on use or sale of goods provided by Bulb Star to Menard under the Agreement, Menard is entitled to complete indemnification by Bulb Star for all costs of defense and expenses incurred in defending against Plaintiffs' claims and any judgment payable to Plaintiff on such claims.

**COUNT IX: INDEMNIFICATION AND DEFENSE BY CL CORPORATION**

126. Menard realleges and incorporates by reference Paragraphs 1-22 as if set forth fully herein.

127. Menard and CL Corporation are parties to a Menards Customer Returns, Defective Goods Policy and Conditions of Order Agreement.

128. The Agreement has not been terminated.

129. CL Corporation agreed to defend, indemnify and hold Menard harmless from and against all claims of any actual or alleged violation or infringement of any intellectual property right, including patent infringement arising from Menard's use, sale or offering for sale of any goods provided by CL Corporation. Conditions of Order, Paragraph 6.

130. CL Corporation represents and warrants in the Agreement that the goods sold by CL Corporation to Menard are in compliance with all federal laws of any kind affecting the goods. Conditions of Order, Paragraph 3.

131. The Agreement requires CL Corporation to indemnify, defend and hold harmless Menard from and against any claims, litigation, or suits.

132. The Agreement requires CL Corporation to indemnify or defend as a matter of first defense and payment, not as a matter of reimbursement.

133. UCC § 2-312(3), Ohio Rev. Code § 1302.25(C) and Wis. Stat. § 402.312(3) require a seller to deliver goods free of the rightful claim of any third person by the way of infringement.

134. Menard incorporates Plaintiffs' Complaint (ECF 1) by reference, solely for the limited purposes of describing Plaintiffs' claims and allegations against Menard. (Menard denies liability as stated in its Answer. ECF 17.)

135. The alleged "CL Corporation Infringing Products" referenced in Plaintiffs' Complaint include SKU#s 346-7258 and 370-5536.

136. The alleged "CL Corporation Infringing Products" referenced in Plaintiffs' Complaint were supplied to Menard by CL Corporation and are subject to the Agreement, including the indemnification obligations stated above.

137. Menard denies any liability to Plaintiffs, but Menard is currently suffering harm at least in the form of ongoing costs of defense that are cognizable under the Agreement.

138. To the extent Plaintiffs' allegations are based on use or sale of goods provided by CL Corporation to Menard under the Agreement, Menard is entitled to complete indemnification by CL Corporation for all costs of defense and expenses incurred in defending against Plaintiffs' claims and any judgment payable to Plaintiff on such claims.

**COUNT X: INDEMNIFICATION AND DEFENSE BY GOOD EARTH**

139. Menard realleges and incorporates by reference Paragraphs 1-22 as if set forth fully herein.

140. Menard and Good Earth are parties to a Menards Customer Returns, Defective Goods Policy and Conditions of Order Agreement.

141. The Agreement has not been terminated.

142. Good Earth agreed to defend, indemnify and hold Menard harmless from and against all claims of any actual or alleged violation or infringement of any intellectual property right, including patent infringement arising from Menard's use, sale or offering for sale of any goods provided by Good Earth. Conditions of Order, Paragraph 6.

143. Good Earth represents and warrants in the Agreement that the goods sold by Good Earth to Menard are in compliance with all federal laws of any kind affecting the goods. Conditions of Order, Paragraph 3.

144. The Agreement requires Good Earth to indemnify, defend and hold harmless Menard from and against any claims, litigation, or suits.

145. The Agreement requires Good Earth to indemnify or defend as a matter of first defense and payment, not as a matter of reimbursement.

146. UCC § 2-312(3), Ohio Rev. Code § 1302.25(C) and Wis. Stat. § 402.312(3) require a seller to deliver goods free of the rightful claim of any third person by the way of infringement.

147. Menard incorporates Plaintiffs' Complaint (ECF 1) by reference, solely for the limited purposes of describing Plaintiffs' claims and allegations against Menard. (Menard denies liability as stated in its Answer. ECF 17.)

148. The alleged "Good Earth Infringing Products" referenced in Plaintiffs' Complaint include SKU#s 351-1510.

149. The alleged "Good Earth Infringing Products" referenced in Plaintiffs' Complaint were supplied to Menard by Good Earth and are subject to the Agreement, including the indemnification obligations stated above.

150. Menard denies any liability to Plaintiffs, but Menard is currently suffering harm at least in the form of ongoing costs of defense that are cognizable under the Agreement.

150. To the extent Plaintiffs' allegations are based on use or sale of goods provided by Good Earth to Menard under the Agreement, Menard is entitled to complete indemnification by Good Earth for all costs of defense and expenses incurred in defending against Plaintiffs' claims and any judgment payable to Plaintiff on such claims.

**COUNT XI: INDEMNIFICATION AND DEFENSE BY GT INDUSTRIAL**

151. Menard realleges and incorporates by reference Paragraphs 1-22 as if set forth fully herein.

152. Menard and GT Industrial are parties to a Menards Customer Returns, Defective Goods Policy and Conditions of Order Agreement.

153. The Agreement has not been terminated.

154. GT Industrial agreed to defend, indemnify and hold Menard harmless from and against all claims of any actual or alleged violation or infringement of any intellectual property right, including patent infringement arising from Menard's use, sale or offering for sale of any goods provided by GT Industrial. Conditions of Order, Paragraph 6.

155. GT Industrial represents and warrants in the Agreement that the goods sold by GT Industrial to Menard are in compliance with all federal laws of any kind affecting the goods. Conditions of Order, Paragraph 3.

156. The Agreement requires GT Industrial to indemnify, defend and hold harmless Menard from and against any claims, litigation, or suits.

157. The Agreement requires GT Industrial to indemnify or defend as a matter of first defense and payment, not as a matter of reimbursement.

158. UCC § 2-312(3), Ohio Rev. Code § 1302.25(C) and Wis. Stat. § 402.312(3) require a seller to deliver goods free of the rightful claim of any third person by the way of infringement.

159. Menard incorporates Plaintiffs' Complaint (ECF 1) by reference, solely for the limited purposes of describing Plaintiffs' claims and allegations against Menard. (Menard denies liability as stated in its Answer. ECF 17.)

160. The alleged "GT Industrial Infringing Products" referenced in Plaintiffs' Complaint include SKU#s 3470090, 3701972, 3705390, 3705391, 3705392, 3705395 and 3705396.

161. The alleged "GT Industrial Infringing Products" referenced in Plaintiffs' Complaint were supplied to Menard by GT Industrial and are subject to the Agreement, including the indemnification obligations stated above.

162. Menard denies any liability to Plaintiffs, but Menard is currently suffering harm at least in the form of ongoing costs of defense that are cognizable under the Agreement.

163. To the extent Plaintiffs' allegations are based on use or sale of goods provided by GT Industrial to Menard under the Agreement, Menard is entitled to complete indemnification by GT Industrial for all costs of defense and expenses incurred in defending against Plaintiffs' claims and any judgment payable to Plaintiff on such claims.

## COUNT XII: INDEMNIFICATION AND DEFENSE BY SOARING

164. Menard realleges and incorporates by reference Paragraphs 1-22 as if set forth fully herein.

165. Menard and Soaring are parties to a Menards Customer Returns, Defective Goods Policy and Conditions of Order Agreement.

166. The Agreement has not been terminated.

167. Soaring agreed to defend, indemnify and hold Menard harmless from and against all claims of any actual or alleged violation or infringement of any intellectual property right, including patent infringement arising from Menard's use, sale or offering for sale of any goods provided by Soaring. Conditions of Order, Paragraph 6.

168. Soaring represents and warrants in the Agreement that the goods sold by Soaring to Menard are in compliance with all federal laws of any kind affecting the goods. Conditions of Order, Paragraph 3.

169. The Agreement requires Soaring to indemnify, defend and hold harmless Menard from and against any claims, litigation, or suits.

170. The Agreement requires Soaring to indemnify or defend as a matter of first defense and payment, not as a matter of reimbursement.

171. UCC § 2-312(3), Ohio Rev. Code § 1302.25(C) and Wis. Stat. § 402.312(3) require a seller to deliver goods free of the rightful claim of any third person by the way of infringement.

172. Menard incorporates Plaintiffs' Complaint (ECF 1) by reference, solely for the limited purposes of describing Plaintiffs' claims and allegations against Menard. (Menard denies liability as stated in its Answer. ECF 17.)

173. The alleged "Soaring Infringing Products" referenced in Plaintiffs' Complaint include SKU#s 349-1293.

174. The alleged "Soaring Infringing Products" referenced in Plaintiffs' Complaint were supplied to Menard by Soaring and are subject to the Agreement, including the indemnification obligations stated above.

175. Menard denies any liability to Plaintiffs, but Menard is currently suffering harm at least in the form of ongoing costs of defense that are cognizable under the Agreement.

176. To the extent Plaintiffs' allegations are based on use or sale of goods provided by Soaring to Menard under the Agreement, Menard is entitled to complete indemnification by Soaring for all costs of defense and expenses incurred in defending against Plaintiffs' claims and any judgment payable to Plaintiff on such claims.

## COUNT XIII: INDEMNIFICATION AND DEFENSE BY ZONE INDUSTRY

177. Menard realleges and incorporates by reference Paragraphs 1-22 as if set forth fully herein.

178. Menard and Zone Industry are parties to a Menards Customer Returns, Defective Goods Policy and Conditions of Order Agreement.

179. The Agreement has not been terminated.

180. Zone Industry agreed to defend, indemnify and hold Menard harmless from and against all claims of any actual or alleged violation or infringement of any intellectual property right, including patent infringement arising from Menard's use, sale or offering for sale of any goods provided by Zone Industry. Conditions of Order, Paragraph 6.

181. Zone Industry represents and warrants in the Agreement that the goods sold by Zone Industry to Menard are in compliance with all federal laws of any kind affecting the goods. Conditions of Order, Paragraph 3.

182. The Agreement requires Zone Industry to indemnify, defend and hold harmless Menard from and against any claims, litigation, or suits.

183. The Agreement requires Zone Industry to indemnify or defend as a matter of first defense and payment, not as a matter of reimbursement.

184. UCC § 2-312(3), Ohio Rev. Code § 1302.25(C) and Wis. Stat. § 402.312(3) require a seller to deliver goods free of the rightful claim of any third person by the way of infringement.

185. Menard incorporates Plaintiffs' Complaint (ECF 1) by reference, solely for the limited purposes of describing Plaintiffs' claims and allegations against Menard. (Menard denies liability as stated in its Answer. ECF 17.)

186. The alleged "Zone Industry Infringing Products" referenced in Plaintiffs' Complaint include SKU#s 356-4264, 360-5450 and 370-5537.

187. The alleged "Zone Industry Infringing Products" referenced in Plaintiffs' Complaint were supplied to Menard by Zone Industry and are subject to the Agreement, including the indemnification obligations stated above.

188. Menard denies any liability to Plaintiffs, but Menard is currently suffering harm at least in the form of ongoing costs of defense that are cognizable under the Agreement.

189. To the extent Plaintiffs' allegations are based on use or sale of goods provided by Zone Industry to Menard under the Agreement, Menard is entitled to complete indemnification

by Zone Industry for all costs of defense and expenses incurred in defending against Plaintiffs' claims and any judgment payable to Plaintiff on such claims.

## JURY DEMAND

Menard demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Third-Party Plaintiff Menard prays for judgment in its favor and against the Third-Party Defendants as follows:

A. That the Court enter an order declaring that Menard is entitled to be fully indemnified by the Third-Party Defendants for all costs, expenses, damages, or judgments resulting from Plaintiffs' claims and the defense thereof;

B. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

s/ Charles J. Meyer
Gregory G. Guice (0076524)
REMINGER CO., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, OH 44115-1093
Tel: (216) 687-1311
Fax: (216) 687-1841
Email: gguice@reminger.com

Charles J. Meyer (PHV)
cjmeyer@uspatent.com
Woodard, Emhardt, Moriarty, McNett & Henry LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204
(317) 713-4934 - Telephone
(317) 637-7561 - Facsimile

Attorneys for Menard, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

s/ Charles J. Meyer