IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SIGNIFY NORTH AMERICA CORPORATION and
SIGNIFY HOLDING B.V.,

                            Plaintiffs,
   v.

MENARD, INC.,

                            Defendant,

   v.

LUMINEX INTERNATIONAL COMPANY, LTD.,
AMERICAN LIGHTING, INC., RICHPOWER
INDUSTRIES, INC., EAST WEST COMMERCE CO.,
INC., AFX, INC., ALERT REEL MANUFACTURING,
LLC, BEST LIGHTING PRODUCTS, INC., K LIVE
D/B/A BULB STAR, CL CORPORATION D/B/A
PINEGREEN LIGHTING, GOOD EARTH
LIGHTING, INC., GT INDUSTRIAL PRODUCTS,
L.L.C., SOARING TECHNOLOGY CO., LTD, and
ZONE INDUSTRY CORPORATION,

                            Third-party defendants.

OPINION and ORDER

22-cv-706-jdp

---

Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively "Signify") are suing defendant Menard, Inc. for selling lighting products that infringe six patents related to LED lighting. Two motions filed by Signify are before the court: (1) a motion to strike four of Menard's affirmative defenses; and (2) a motion for leave to amend Signify's infringement contentions. For the reasons explained below, the court will deny the motion to strike but grant the motion for leave to amend.

ANALYSIS

A. **Motion to strike**

Signify moves to strike Menard's affirmative defenses related to indemnification and an alleged failure to join necessary parties. Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." But motions to strike are disfavored; they delay proceedings, usually unnecessarily. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Signify's objections to Menard's affirmative defenses fall into two categories: (1) Menard did not plead enough facts to support the affirmative defenses; or (2) they are not actually affirmative defenses. Signify forfeited the first objection by waiting so long to raise it. Menard asserted each of the affirmative defenses at issue in its original answer, which was filed in October 2022. *See* Dkt. 17. In fact, Signify already filed a round of motions to strike other affirmative defenses, *see* Dkt. 154, and it does not explain why it failed to raise its objections then. A motion to strike is the type of motion that should be raised at the earliest stages of the proceedings, not more than a year after the answer is filed.

As for the second objection, Signify does not explain why it matters. If Signify is correct that Menard incorrectly labeled some issues as affirmative defenses, it simply means that Menard was not required to plead those issues. Generally, a party should not move "to strike extraneous matter unless its presence in the complaint is actually prejudicial." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001). Signify identifies no prejudice that the challenged affirmative defenses are causing. Under these circumstances, striking the affirmative defenses would serve no purpose. The court will deny the motion to strike.

B. **Motion for leave to amend infringement contentions**

Signify moves for leave to make two sets of changes to its infringement contentions: (1) add 31 accused products; and (2) add "additional evidence and explanation" to its existing contentions. This court treats a party's infringement contentions as an extension of its complaint, so a motion for leave to amend those contentions is governed by Federal Rule of Civil Procedure 15(a)(2). *See Douglas Dynamics, LLC v. Meyer Products LLC,* No. 14-cv-886-jdp, 2017 WL 2116714, at *2 (W.D. Wis. May 15, 2017).

Under Rule 15, courts grant leave to amend when justice requires but may deny leave when there is a good reason to do so, including two reasons that Menard cites: undue delay and unfair prejudice to the defendant. *See White v. Woods,* 48 F.4th 853, 860 (7th Cir. 2022). Signify does not meaningfully respond to Menard's contention that Signify could have brought its motion earlier because it is relying on publicly available information as the basis for its motion. But "[d]elay by itself is normally an insufficient reason to deny a motion for leave to amend. Delay must be coupled with some other reason. Typically, that reason . . . is prejudice to the non-moving party." *Liebhart v. SPX Corp.*, 917 F.3d 952, 965 (7th Cir. 2019).

In this case, the court is not persuaded that Menard will suffer unfair prejudice from the amendment. Signify is not asserting any new patents or new claims. And Signify represents that the new products "do not vary in their structure or details" from previously accused products and that the new accused products "are grouped accordingly with products previously accused . . . because [the new accused products] infringe the asserted patents under the same theories, and for the same reasons" as the previously accused products. Dkt. 260, at 7.

Menard identifies no reason to question Signify's representation. Menard says that the new accused products "presumably" are different from the previously accused products, but it

3

does not identify any differences. Menard points out that Signify prepared new claim charts for some of the new products. *See* Dkt. 256-10; Dkt. 256-11; Dkt. 256-12. But, as Signify explains, this is because Signify is asserting *fewer* claims against some of the new accused products; the new claim charts are otherwise the same as the charts for previously accused products. *Compare* Dkt. 256-10; Dkt. 256-11; Dkt. 256-12 *with* Dkt. 256-4; Dkt. 256-5; Dkt. 256-8. Menard identifies no new information in the new claim charts. Menard also says that the new accused products "could" affect claim constructions or invalidity contentions, Dkt. 258, at 12, but it identifies no examples of possible changes.

The bottom line is that neither side has identified a reason why Signify's amended infringement contentions will have more than a negligible effect on the scope of the case and the parties' preparation of expert reports and summary judgment submissions. So the court will grant the motion for leave to amend. This also means that the court expects Signify to rely on the same law and facts to prove infringement regarding both the previously accused products and the new accused products. If Signify makes arguments unique to the new accused products at later stages of the case, the court will consider striking the 31 new accused products from the infringement contentions.

ORDER

IT IS ORDERED that:

1. Signify's motion to strike Menard's affirmative defenses, Dkt. 220, is DENIED.

2. Signify's motion for leave to amend its infringement contentions, Dkt. 255, is GRANTED.

Entered April 26, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge