IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SIGNIFY NORTH AMERICA CORPORATION and
SIGNIFY HOLDING B.V.,

                      Plaintiffs,

   v.

MENARD, INC.,                                          OPINION and ORDER

                      Defendant,                          22-cv-706-jdp

   v.

ALERT REEL MANUFACTURING,
LLC, et al.,

                     Third-party defendants.

---

Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively "Signify") are suing defendant Menard, Inc. for selling more than 100 different lighting products that allegedly infringe six patents related to LED lighting. In response, Menard has filed third-party complaints against companies that manufacture the accused products, contending that these third parties are contractually obligated to indemnify Menard for any infringement. Before the court is Signify's motion to enforce, Dkt. 267, asking the court to direct Menard and the third-party defendants to comply with the court's March 7, 2024 order. For the reasons below, the court will GRANT in part and DENY in part Signify's motion.

ANALYSIS

The court's March 7 order granted in large part Signify's motion to compel Menard to provide complete responses to Signify's Interrogatories Nos. 1-3 and Requests for Production Nos. 1-8, 14-15, 18-27, and 29-30. Dkt. 252. In its present motion, Signify claims that

Menard has yet to fully comply with the court's order and that the delay is prejudicing Signify. Signify asks the court to order full compliance by a date certain. Menard, for its part, argues that it has been working diligently, that it has turned over all the responsive materials in its possession and control, and, at this point, Menard is at the mercy of third parties. Because the present motion relates to directives from the court's March 7 order, the court's analysis will follow the same framework here.

A. **Discovery concerning "Menards Relevant Products" (Interrogatories Nos. 1-3 and Requests for Production Nos. 1-8, 11, 14-15, 18-24).**

The court's March 7 order first addressed whether Menard must produce information responsive to the requests set forth above for certain non-accused products. Ultimately, the court ordered Menard to produce information for all Menard-branded, non-accused products that share one or more of six specific features pertinent to the patents-in-suit. Dkt. 252 at 4-7. In doing so, the court overruled Menard's objection that the information was not in its control because the information was in the possession of third-party manufacturers. *Id.* at 6. The court reasoned Menard had sufficient control over the third-party manufacturers, or at least those that were named as third-party defendants, because they were contractually obligated to assist Menard in the defense of this action.[1] *Id.* The court also overruled Menard's

---

[1] In briefing Signify's motion to compel, the parties did not address what constitutes sufficient control over a nonparty for a court to compel documents held solely by the nonparty. Consequently, the court's March 7 order did not delve into that issue. In this Circuit, the test is whether a party to the action has a "legal right" to obtain the evidence from the nonparty. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.*, 755 F.3d 832, 839 (7th Cir. 2014). This test can be met by showing a contractual obligation or a close corporate relationship. *E.g., MSP Recovery Claims, Series LLC v. Mallinckrodt ARD, Inc.*, No. 20 CV 50056, 2020 WL 3618679, at *2 (N.D. Ill. July 2, 2020). Here, the named third-party defendants allegedly have a duty to defend Menard in this lawsuit, Dkt. 183 at 4, so they fit the bill. The same is not clear for non-party manufacturers. For that reason, this order differentiates between the two groups, as explained below.

objections as to burden, reasoning that if Menard did not wish to undertake an analysis of the LED products it sold, Menard could simply produce responsive information for all of those products so Signify could conduct the analysis. *Id.* Menard reported this would involve 1,200+ LED products. *Id.*

Since the order, Menard avers that it has done the following: It has searched for and produced marketing materials, sales information, manuals, and technical specifications for the 1,200+ LED products Menard had identified.[2] Dkt. 272 at 2-3; Dkt. 274, ¶¶ 2, 6. It also sent letters to the third-party defendants, as well as forty-five other non-party manufacturers, requesting technical product information in their possession. Dkt. 273, ¶¶ 2-5. Upon receiving information from these third parties, Menard produced the information to Signify on a rolling basis and tracked its efforts in a chart. *Id.*, ¶¶ 7-8. Menard supported these reported efforts with sworn testimony from its litigation and corporate counsel. Dkt. 273 and Dkt. 274.

Signify raises concerns with the blanks in Menard's tracking chart, which shows that several manufacturers, including third-party defendants, have not responded to Menard's letter requests. The court shares Signify's concern with respect to the reported non-compliance of the third-party defendants, but other than this issue, discussed below, the court does not find Menard's efforts deficient. Signify calls attention to one category of documents referred to as "Shoot-Out/Open to Buy documents." Dkt. 267 at 4-5. Menard reports that it is searching for and will produce those Shoot-Out/Open to Buy documents that it has.[3] So, from the court's

---

[2] Signify reports that Menard has not produced sales information for any Menard-branded product sold for the first time after October 2023. Dkt. 267 at 4. The court is not clear where the disconnect lies, but to the extent that Menard has not updated its sales information to encompass newly released products that fall within the court's March 7 order, it is ordered to do so by July 11, 2024.

[3] Signify filed a motion for leave to file a reply brief to address what it characterizes as a "serious

3

perspective, there is not much more the court can compel Menard to do with respect to its own files apart from ordering Menard to complete its production of the Shoot-Out/Open to Buy documents and supplement its written responses to Requests for Production Nos. 1-8, 11, 14-15, 18-24 to confirm it has completed its search and produced all responsive, non-privileged information in its possession.  The court orders Menard to do so by July 11, 2024.

Likewise, there is not much more the court can compel Menard to do with respect to the non-party manufacturers.  The court expects Menard to continue its efforts to seek responsive information from these nonparties, to use those tools at its disposal to seek compliance, and to produce the information it receives to Signify in a timely manner.  But, ultimately, these nonparties are beyond the court's control.  If Signify is unsatisfied, it has Menard's letters to these nonparties, which it can use as a blueprint to serve subpoenas.  If the manufacturers continue to resist, Signify can then file enforcement actions under Rule 45.

The court can offer some relief with respect to those third-party defendants that are reportedly non-compliant. At the time of the parties' briefing, Menard's tracking chart shows these are:  Alert Reel Manufacturing, LLC; East West Commerce Co., Inc.; Good Earth Lighting, Inc.; and Test Rite Products Corporation.[4]  Dkt. 268-5.  These third-party defendants

---

issue concerning potential evidence spoliation." Dkt. 280-1 at 3.  The proposed reply brief goes on to request five enumerated forms of relief, including a Rule 30(b)(6) deposition. *Id.* at 5.  This is not a proper reply because it raises new issues for new forms of relief well beyond the scope of the original motion.  Moreover, the court expects parties to investigate "potential" discovery issues and then meet and confer with opposing counsel prior to filing any discovery motion, as required by Rule 37.  As Menard rightly points out, this gives the other party an opportunity to address misconceptions and remedy problems before involving the court.  It is not clear that any such meet and confer happened here.  For these reasons, Signify's motion for leave, Dkt. 280, is DENIED.

[4] Menard's tracking chart lists American Lighting Inc. as a third-party defendant, but this party was terminated from this lawsuit on August 31, 2023, Dkt. 183, so it is now a nonparty.

were put on notice that the court expects them to cooperate in this lawsuit. When the court denied Signify's motion to sever, the court noted that "[a]s the designers and manufacturers of the products, it is likely that the third-party defendants possess much of the relevant discovery" and thus ordered "Menard and the third-party defendants to coordinate a litigation strategy, acting as a united front whenever possible." Dkt. 183 at 3, 5. The court views the third-party defendants' failure to respond to Menard's letters as violative of the court's order. These parties are thus ORDERED to comply with Menard's requests for information or, alternatively, to show cause why they cannot do so by July 11, 2024.[5]

**B. Marketing materials (Request for Production No. 23).**

The court's March 7 order next addressed Menard's response to Request for Production No. 23, which seeks marketing materials for the non-accused products, discussed above. The court overruled Menard's objections based on relevance and burden, as Menard had failed to support them with specific information, but the court noted that it was "willing to revisit this issue, if necessary, after Menard has provided Signify with objective information that accurately quantifies the burden and the parties have discussed methods by which to provide the most important information sought by Signify without unduly burdening Menard." Dkt. 252 at 8.

Since the order, Menard avers that it searched its electronically stored marketing materials and produced responsive materials, including six years of advertising circulars. Dkt. 274, ¶¶ 3-4. It also avers that it manually searched and produced any TV, radio, social media and internet advertisement it could find that mentions any of the 1,200+ products. *Id.* Menard reports that it is not aware of any additional responsive marketing materials. *Id.*

---

[5] If a third-party defendant responded to Menard's request for information between the filing of the parties' briefing on Signify's motion and this order, that satisfies the court's order.

Signify has not identified additional marketing materials it believes are missing or explained why it needs more than it already has received. In light of Menard's efforts, and Signify's lack of specified need, the court finds that the burdens associated with searching for and producing additional marketing materials outweigh the benefits. The court will order Menard to supplement its written response to Request for Production No. 23 by July 11, 2024 to confirm it has completed its search and produced all responsive, non-privileged information.

**C. Exceptional case (Request for Production No. 30).**

The last portion of the court's March 7 order that Signify's current motion calls to the court's attention[6] is Menard's response to Request for Production No. 30, which asked Menard to produce documents and evidence in support of its request that the court declare this an "exceptional case" and award Menard its attorneys' fees. Signify reports that Menard has not produced any responsive documents or confirmed that none exist. Dkt. 267 at 4. Menard does not address this issue in its brief in opposition at all, Dkt. 272, although it notes in its correspondence between counsel that Signify can look to "pre-suit communications between the parties." Dkt. 268-5 at 3. If that is the extent of responsive documents, Menard must supplement its written response to Request for Production No. 30 to confirm that is the case and do so by July 11, 2024.

---

[6] The court's March 7 order also addressed Menard's responses to Requests for Production Nos. 25-27 and 29, but Signify's motion to enforce does not mention these requests, so the court does not address them here.

ORDER

IT IS ORDERED that:

1. Signify's motion to enforce, Dkt. 267, is GRANTED in part and DENIED in part as set forth above and herein:

    a. Menard must supplement its written responses to Requests for Production Nos. 1-8, 11, 14-15, 18-24 to confirm it has completed its search and produced all responsive, non-privileged information by July 11, 2024;

    b. The third-party defendants that have not responded to Menard's requests for information are ordered to respond to those requests or, alternatively, to show cause by filing a letter of explanation with this court by July 11, 2024;

    c. Menard must complete its production of documents responsive to Request for Production No. 23, as explained above, and supplement its written response to the request to confirm it has completed its search and produced all responsive, non-privileged information by July 11, 2024; and

    d. Menard must supplement its response to Request for Production No. 30 by July 11, 2024.

2. Signify's motion for leave to reply, Dkt. 280, is DENIED.

3. The parties bear their own costs on these motions.

Entered June 27, 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge