IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SIGNIFY NORTH AMERICA CORPORATION and
SIGNIFY HOLDING B.V.,

                      Plaintiffs,

    v.

MENARD, INC.,

                      Defendant,

    v.

LUMINEX INTERNATIONAL COMPANY, LTD.,
AMERICAN LIGHTING, INC., RICHPOWER
INDUSTRIES, INC., EAST WEST COMMERCE CO.,
INC., AFX, INC., ALERT REEL MANUFACTURING,
LLC, BEST LIGHTING PRODUCTS, INC., K LIVE
D/B/A BULB STAR, CL CORPORATION D/B/A
PINEGREEN LIGHTING, GOOD EARTH
LIGHTING, INC., GT INDUSTRIAL PRODUCTS,
L.L.C., SOARING TECHNOLOGY CO., LTD, and
ZONE INDUSTRY CORPORATION,

                      Third-party defendants.

OPINION and ORDER

22-cv-706-jdp

---

Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively "Signify") are suing defendant Menard, Inc. for selling lighting products that infringe six patents related to LED lighting. Signify moves to strike portions of Menard's expert reports on invalidity, contending that the reports include new issues that should have been disclosed in Menard's invalidity contentions. Dkt. 265. For the reasons explained below, the court will grant the motion in part and deny it in part.

ANALYSIS

Signify challenges numerous portions of three expert reports that Menard disclosed on invalidity: (1) J. Gary Eden's report on the invalidity of U.S. Patent Nos. 10,299,336 and 7,658,506; (2) John Curran's report on the invalidity of U.S. Patent No. 7,348,604; and (3) Peter W. Shackle's report on the invalidity of U.S. Patent Nos. 7,256,554, 7,737,643, and 7,038,399. Signify identifies five types of information included in the reports that were not included in Menard's invalidity contentions:

1) new pieces of prior art
2) new anticipation contentions for disclosed references
3) new primary and secondary references for showing obviousness
4) new motivations to combine references
5) new embodiments for a disclosed reference.[1]

Signify contends that the new information in the expert reports violates the court's requirements for invalidity contentions, which are set forth in the preliminary pretrial conference order. Dkt. 193, at 2. Two paragraphs in that order are relevant to invalidity contentions. The first paragraph generally describes the requirement on the parties to disclose their "core substantive contentions":

> The core substantive contentions identified in this paragraph will be treated as elements of pleading. Amendments to core substantive contentions will be freely allowed until the deadline for amendments to the pleadings. After the deadline, amendments will be allowed as provided for under Federal Rule of Civil Procedure 15. The court expects the parties to commit to their core substantive contentions early in the case, and the court will be increasingly reluctant to allow amendments as the deadline

---

[1] In its opening brief, Signify also includes a short section called "additional new theories advanced by defendants' experts." Dkt. 265, at 27–29. In that section, Signify objects to several words and phrases that Signify says appear for the first time in Menard's expert reports. Menard responded to those arguments, Dkt. 269, at 24, but Signify says nothing about them in their reply brief, so the court will construe Signify's silence to mean that it is abandoning those objections.

> for expert disclosures approaches. The disclosures required by this paragraph are not intended to inhibit any party's ability to seek additional information by means of contention interrogatories.

*Id.* The second paragraph describes invalidity contentions specifically:

> [D]efendant must identify each piece of prior art on which it will rely to show the invalidity of each asserted patent, and the basis for any other allegation of invalidity or unenforceability. Invalidity contentions based on prior art must be made in claim chart form. The court recognizes that defendant's prior art search may not be complete by this deadline, but defendant is strongly cautioned to conduct its prior art search with special diligence and to promptly amend its invalidity contentions as promptly as possible. The court will be increasingly reluctant to allow amendments as the deadline for expert disclosures approaches.

*Id.* at 2–3.

The court will first consider whether each type of information should have been included in Menard's invalidity contentions and then consider whether those portions of the expert reports should be struck as Signify requests.

A. **New pieces of prior art**

Signify points to one reference cited by Curran and three references cited by Eden that were not included in Menard's invalidity contentions. Curran relied on a German patent application, DE 10256197 A1 (DE '197), to show anticipation and obviousness. Dkt. 266-2, ¶¶ 258–80. Eden discusses U.S. Patent Nos. 2,828,393 and 3,502,825, and "the activities of Switchcraft Corp." Dkt. 266-1, ¶ 78.

Menard acknowledges that the court's order requires parties to identify in their contentions each piece of prior art they allege to be invalidating. But Menard says that rule should not apply to these references. As for DE '197, Menard says that it is similar to another reference by the same inventor that Menard did include in its contentions, so DE '197 should not be considered a new piece of prior art. But Signify has provided a redline of the two

3

references, showing numerous differences between the two, Dkt. 266-13, and it says that some of the differences are relevant to the invalidity analysis. Regardless, if Menard believed that the two references had no material differences, it should have either relied on the original reference in its expert report or cited DE '197 in its contentions. Neither Signify nor the court should be required to conduct a detailed comparison of the references to determine how similar they are. DE '197 should have been disclosed in Menard's contentions.

As for the '393 and '825 patents and "the activities of Switchcraft Corp," Menard says that it is not relying on those references to show invalidity but only to show the state of the art. Signify disagrees, citing two sentences in Eden's report discussing Claim 9 of the '336 patent, which discloses "[t]he luminaire of claim 1, wherein the switch is a slide switch." Eden writes, "To the extent that Chaimberg does not explicitly disclose a 'slide switch,' as I explain above and below, switches, including slide switches have been employed widely in electronic systems for almost a century. Therefore, it would have been obvious for a POSA to use a 'slide switch' as Chaimberg's CCT switch 18." Dkt. 266-1, ¶ 177. Signify says that Eden must be referring to an earlier paragraph of his report in which he mentions the three references: "The electrical slide switch was patented at least as early as March of 1958 by Wingard (U.S. Patent No. 2,828,393), and Bailey et al. subsequently patented a significantly improved version in 1970 (U.S. Patent No. 3,502,825). Further improvements were achieved by the Switchcraft Corp. in the early 1970s." *Id.*, ¶ 78.

On this issue, the court agrees with Menard that Eden is relying on the three references to establish what a person of ordinary skill in the art would know and that Menard was not required to include the references in their contentions. Menard asserted in its claim chart that Claim 9 is obvious in light of Chaimberg and "in view of the knowledge of a POSITA."

4

Dkt. 266-12, at 4. That was enough. If the court were to accept Signify's position, it would require invalidity contentions to include an exhaustive list of every reference that establishes the state of the art. Such an onerous requirement cannot be inferred from the court's preliminary pretrial conference order.

## B. New anticipation contentions for disclosed references

Signify says that Menard's expert reports identify numerous references as anticipating, even though those references were identified in Menard's claim charts as supporting a finding of obviousness only. Signify provides this chart of the newly disclosed anticipation theories:

| Asserted Patent | Newly Disclosed Anticipation Theories |
|---|---|
| '336 Patent | Halliwell – all claims |
| | Reiff – all claims |
| | Roberge – all claims |
| | Chen – all claims |
| '506 Patent | Van De Ven – claim 4 |
| | Lester – claim 5 |
| '604 Patent | DE '834 – claims 2, 4, 5, 8, 10 |
| | Maas – claim 10 |
| | Hutchins – claims 8, 10 |
| | DE '197 – all claims |
| '399 Patent | Laflamme – claim 61 |
| '554 Patent | Kerenyi – claims 2, 5, 47, 49, 51 |
| '643 Patent | Kerenyi – claim 25 |

In its response, Menard acknowledges that its invalidity contentions did not disclose anticipation theories for the following references: (1) Chen; (2) Kerenyi; (3) DE '834; (4) Maas; (5) Hutchins; and (6) DE '197. Menard does not dispute that it should have disclosed those theories in its contentions, and it offers no excuse for failing to do so. Its only response is to offer an extension of time to allow Signify to respond to the new theories. The court will discuss that issue when it considers whether to exclude the new information.

5

Menard says that it did disclose anticipation theories in its invalidity contentions for the following references: (1) Halliwell, Reiff, and Roberge for the '336 Patent; (2) Van De Ven and Lester for the '506 Patent; and (3) Laflamme for the '399 Patent. Menard says that each of these references "is specifically disclosed in Defendants' invalidity contentions as disclosing each and every element of the asserted claims." Dkt. 269, at 31. Menard also points to a cover sheet that it submitted with its claim chart, which states, "To the extent the attached claim charts cite to a reference for each element or limitation of an asserted claim, Defendant and the Third Party Defendants contend that such reference anticipates that claim." Dkt. 266-6, at 4.

Signify does not dispute that Menard's claim charts disclose element by element how each of the references at issue discloses the asserted claims. *See, e.g.*, Dkt. 266-12, at 67–83 (claim chart for Halliwell). But Signify says that Menard did not include these references in a summary of its invalidity theories that preceded the claim chart. In that summary, Halliwell, Reiff, Roberge, Van De Ven, Lester, and Laflamme are identified as part of an obviousness defense, not an anticipation defense. *See id.* at 4–5.

Menard does not explain why its summaries do not identify anticipation as a defense for these references. But it is primarily the claim chart that provides notice to the other side; the court's order did not require Menard to provide a summary. Signify neither identifies any deficiencies with the notice provided by the claim chart nor explains why it was entitled to rely on the summaries only and disregard the claim chart and the cover sheet. Because the claim chart identified how each element of a claim was disclosed by the reference, the court concludes that Menard's invalidity contentions provided adequate notice to Signify that Halliwell, Reiff, Roberge, Van De Ven, Lester, and Laflamme were part of a potential anticipation defense.

**C. New primary and secondary references**

This part of Signify's motion focuses on Eden's opinion that some of the claims in the '336 patent are obvious over Chaimberg as a primary reference and Roberge as a secondary reference.[2] In its invalidity contentions, Menard contended that the asserted claims in the '336 patent were obvious over Chaimberg alone, over Roberge alone, and over Roberge as a primary reference in view of Chaimberg as a secondary reference. But Menard did not specifically contend that any claims in the '336 patent were obvious over Chaimberg as a primary reference in view of Roberge as a secondary reference. Signify contends that Menard was required to disclose in its invalidity contentions not only which combinations of references made a claim obvious but also which reference was primary and which reference was secondary.

This argument is divorced from the language of the preliminary pretrial conference order, which says nothing about primary and secondary references and cannot be reasonably construed as requiring that level of detail. Signify says in its reply brief that "the theories disclosed in the invalidity contentions for Roberge as a primary reference are plainly not the same as those disclosed in the expert report using Chaimberg as a primary reference." Dkt. 279, at 17. But Signify does not explain or support that contention. In fact, the Court of Appeals for the Federal Circuit has "made clear that where the relevant factual inquiries underlying an obviousness determination are otherwise clear, characterizing references as 'primary' and 'secondary' is merely a matter of presentation with no legal significance." *Schwendimann v.*

---

[2] Signify's heading for this section of its opening brief is "New obviousness combinations and theories," and it provides a list of what it says are newly disclosed theories. Dkt. 265, at 24. But the Chaimberg/Roberge combination is the only one that either side discusses in its briefs, so the court has limited its analysis to that combination.

*Neenah, Inc.*, 82 F.4th 1371, 1384 (Fed. Cir. 2023). Signify identifies no reason to conclude that this case is an exception to the general rule.

The court concludes that Menard was not required to specify in its invalidity contentions which references were primary and which references were secondary to support an obviousness defense.

### D. New motivations to combine references

Signify contends that Menard was required in its invalidity contentions to disclose not only which references combined to make a claim obvious, but also what the motivation was to combine the references. This is another contention that has no basis in the preliminary pretrial conference order, which requires the parties to disclose their "core substantive contentions," not to provide an expert report in claim chart form. Discussing the motivations to combine is a requirement for the experts, not counsel. Signify identifies no reason why it needed that level of detail at the beginning of discovery.

The court concludes that Menard was not required to disclose in its invalidity contentions the motivations for combining references.

### E. New embodiments for a disclosed reference

Signify challenges Menard's reliance on new embodiments in its expert reports. Signify provides the following example: Menard relied on Figure 2 in Van de Ven to support its

invalidity contentions for claim 5 of the '506 patent, but Eden relies on Figure 4 for the first time in his report. *Compare* Dkt. 266-10, at 77–78 *with* Dkt. 266-1, ¶ 672.[3]

In response, Menard contends that it was not required to identify in its contentions the specific embodiment or portion of the reference that discloses a particular element. But that view is inconsistent with the requirement in the preliminary pretrial conference order to present invalidity contentions in claim chart form. That requirement would provide little benefit to opposing parties if a general citation to an entire piece of prior art was all that was required. Menard itself implicitly acknowledges that it understood this requirement because its invalidity contentions *do* identify the specific portions of each reference that Menard was relying on to show invalidity. Allowing a party to switch or expand the embodiments it is relying on would create an incentive to provide misleading disclosures in the invalidity contentions.

Menard also says that Figure 2 and Figure 4 are "similar," so its expert should be allowed to rely on both figures, even if Figure 4 was not disclosed in its invalidity contentions. Dkt. 269, at 22. But that is a self-defeating argument. If the two figures are so similar that Menard can make the same invalidity arguments for either figure, then relying on an additional figure is redundant and unnecessary. In any event, neither opposing parties nor the court should have to compare newly disclosed embodiments to determine the extent to which they are the same as a previously disclosed environment.

---

[3] In its opening brief, Signify cited a second example regarding Shackle's reliance on Figure 2A in Kerenyi. Dkt. 265, at 31–32. But Menard argued in its opposition brief that its invalidity contentions did disclose Figure 2A when it discussed the "driver circuit." Dkt. 269, at 23. Signify does not respond to this argument in its reply brief, so the court will infer that Signify is abandoning its request to strike Menard's reliance on Figure 2A.

To sum up, the court concludes that Menard should have included the following information in its invalidity contentions: (1) German patent application DE '197; (2) anticipation theories for Chen, Kerenyi, DE '834, Maas, and Hutchins; and (3) Figure 4 in Van de Ven.

## F. Request to strike

The remaining question is whether to strike the portions of the expert reports relying on new information that should have been disclosed in Menard's invalidity contentions. The preliminary pretrial conference order does not explicitly state what the consequences are for including new invalidity contentions in an expert report. But the order treats invalidity contentions as a pleading, and amendments to the contentions are governed by Federal Rule of Civil Procedure 15. So Menard's new invalidity contentions are akin to an untimely amendment to a pleading. Courts allow amendments as justice requires, but leave is properly denied when a party's proposed amendment is untimely and prejudicial. *See White v. Woods*, 48 F.4th 853, 860 (7th Cir. 2022). The court has already determined that the amendments are untimely, so the only question is whether they are prejudicial.

This court's preliminary pretrial conference order and prior case law recognize that late amendments to invalidity contentions are inherently prejudicial. The order states that the court "expects the parties to commit to their core substantive contentions early in the case, and the court will be increasingly reluctant to allow amendments as the deadline for expert disclosures approaches." Dkt. 193, at 2–3. "The reason for this warning is that as the case progresses, changes to core substantive contentions are increasingly prejudicial to the other side." *Douglas Dynamics, LLC v. Meyer Products LLC*, No. 14-cv-886-jdp, 2017 WL 2116714, at *2–3 (W.D. Wis. May 15, 2017). In *Douglas Dynamics*, the court concluded that proposed amendments to

the plaintiff's infringement contentions one month before the deadline for expert disclosures were "unavoidably prejudicial," so the plaintiff "would have to show strong reasons for amendments at this point." *Id.*

In this case, Menard did not seek leave to amend, so Signify did not receive notice of the changes until it received Menard's expert reports. As in *Douglas Dynamics*, such late notice is unavoidably prejudicial because it gave Signify weeks instead of months to prepare a response to Menard's new contentions. Further, Menard does not have strong reasons for failing to provide notice earlier. It says it believes it did not have to provide notice, but that view is undermined by Menard's own invalidity contentions, which show that Menard understood it was required to identify all prior art, all invalidity theories associated with that prior art, and the portions of the prior art that disclose a particular limitation. If the court were to allow Menard to rely on the new contentions at this late date, it would only encourage parties to make last-minute changes for strategic advantage.

As an alternative to striking portions of its expert reports, Menard asks that Signify be given more time to respond to the new contentions. But it is too late for that. Signify's deadline for filing rebuttal reports has passed, and summary judgment deadlines are only a few days away. If the court accepted Menard's suggestion, it would require Signify to prepare new reports, and it would require the court to reset the schedule. If Menard had compelling reasons for its delay, the court might consider those alternatives. But Menard's only excuse is that its experts thought of new invalidity contentions.

The court will strike the portions of Menard's expert reports that rely on the following information that Menard should have included in its invalidity contentions but failed to do so:

11

(1) German patent application DE '197; (2) new anticipation theories for Chen, Kerenyi, DE '834, Maas, and Hutchins; and (3) Figure 4 in Van de Ven.

ORDER

IT IS ORDERED that the motion to strike filed by Signify North America Corporation and Signify Holding B.V., Dkt. 265, is GRANTED in part and DENIED in part. The court strikes the portions of Menard, Inc.'s expert reports that rely on the following information: (1) German patent application DE '197; (2) anticipation theories for Chen (all claims for the '336 patent), Kerenyi (claims 2, 5, 47, 49, and 51 of the '554 patent and claim 25 of the '643 patent), DE '834 (claims 2, 4, 5, 8, and 10 of the '604 patent), Maas (claim 10 of the '604 patent), and Hutchins (claims 8 and 10 of the '604 patent); and (3) Figure 4 in Van de Ven. Menard may not rely on this information to support an invalidity defense. Signify's motion is otherwise denied.

Entered July 1, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge