# EXHIBIT 45

#2199875

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V., <br><br>     *Plaintiffs*, <br><br> v. <br><br> MENARD INC., <br><br>     *Defendant, Third-Party Plaintiff* <br><br> v. <br><br> LUMINEX INTERNATIONAL COMPANY, LTD.; RICHPOWER INDUSTRIES, INC.; EAST WEST COMMERCE CO., INC.; ALERT REEL MANUFACTURING, LLC; BEST LIGHTING PRODUCTS, INC.; K LIVE D/B/A BULB STAR; CL CORPORATION D/B/A PINEGREEN LIGHTING; GOOD EARTH LIGHTING, INC.; GT INDUSTRIAL PRODUCTS, L.L.C; SOARING TECHNOLOGY CO., LTD; ZONE INDUSTRY CORPORATION; CANARM, LTD.; TEST RITE PRODUCTS CORPORATION <br><br>     *Third-Party Defendants* | **Civil Action No. 3:22-cv-00706** <br><br> District Judge James D. Peterson <br><br> Magistrate Judge: Stephen L. Crocker |

## DEFENDANT, MENARD'S FIFTH AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1-6)

Pursuant to Federal Rules of Civil Procedure 33, Defendant, Menard, Inc. ("Defendant" or "Menard"), by counsel, submits these objections and responses to Plaintiffs, Signify North America Corporation and Signify Holding B.V. ("Plaintiffs" or "Signify") First Set of Interrogatories to Menard, Inc. ("Interrogatories") served on February 13, 2023.

- 1 -

**INTERROGATORY No. 3:**

For each Menards Relevant Product, identify and describe in detail, on a monthly and quarterly basis, from product introduction through the present: (a) the number of units sold, imported into or licensed in the United States net of any returns; (b) the retail sales price associated with the units sold in the United States; (c) the wholesale price associated with the units sold in the United States; (d) the revenues associated with the retail and wholesale of the units sold, imported into or licensed in the United States net of any returns; (e) all costs relating to units sold, imported into or licensed in the United States net of any returns; (f) all other expenses for the units sold, imported into or licensed in the United States net of any returns; (g) the profit margin before taxes for the units sold, imported into or licensed in the United States net of any returns; (h) the date of first usage, sale, offer for sale, or importation into the United States; (i) price charged on date first sold; (j) an identification of all documents related to Your answer; and (k) an identification of persons most knowledgeable of the foregoing.  If You do not allocate costs and/or profits at the product level, then the costs and/or profits should be identified at the most granular level at which You identify such costs or profits, such as by product category or segment.

**RESPONSE:**

Menard objects to this Interrogatory as improperly containing multiple subparts. Each subpart should be counted against Signify's Interrogatory limit provided by any applicable court order, local rule, or Federal Rule of Civil Procedure. Menard contends this interrogatory should count as eleven (11) interrogatories.

Menard objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information requiring Menard to

"identify and describe in detail, on a monthly and quarterly basis." This granular detail is unduly burdensome and disproportionate to the needs of the case.

Menard objects to the Interrogatory as requesting information "from product introduction", "date of first usage" and "date first sold." Sales for the lifetime of each product are irrelevant to any of Signify's claims in this matter as Signify cannot collect any damages for any alleged infringement prior to notice. The date of first usage is irrelevant to any of Signify's claims in this matter as Signify cannot collect any damages for any alleged infringement prior to notice. The price charged on the date first sold is irrelevant to any of Signify's claims in this matter as Signify cannot collect any damages for any alleged infringement prior to notice.

Menard objects to this Interrogatory as requesting information better obtained from other parties or not in Menard's custody or control.

Menard responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Menard will produce business records containing information responsive to this Interrogatory. Menard identifies MEN000228, MEN000399, MEN000402, MEN000404, MEN000536, MEN000590, MEN000608, MEN008357, MEN008378, MEN008379, MEN008380, and MEN008381 as containing information responsive to this interrogatory.

Pursuant to the Court's Order in ECF 252, Menard further identifies at least MEN011862, MEN012182, MEN012318, MEN012850 and MEN013098 as containing information responsive to this interrogatory.

**INTERROGATORY No. 4:**

the waiver of any applicable privilege, doctrine, immunity, or objection, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work product, privilege, and/or admissibility as evidence.

Menard objects to this Interrogatory as vague, overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information on "all actions taken by You in response to receiving Signify's notice letter dated February 8, 2021 and Signify's subsequent pre-suit communications with You."

Menard objects to this Interrogatory to the extent the phrase "all actions taken by You" is vague and ambiguous.

Menard objects to this Interrogatory as improperly containing multiple subparts. Each subpart should be counted against Signify's Interrogatory limit provided by any applicable court order, local rule, or Federal Rule of Civil Procedure. Menard contends this interrogatory should count as three (3) interrogatories.

Subject to its objections, Menard responds as follows:

Menard notified the vendors whose products were accused in the February 8, 2021 letter. The rest of the Interrogatory requests privileged information, including but not limited to communications with Counsel and analysis performed by Counsel.

Date: April 11, 2024

Respectfully submitted,

/Charles J. Meyer/
Charles J. Meyer
cjmeyer@uspatent.com
Woodard, Emhardt, Henry,
Reeves & Wagner LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204
(317) 713-4934 - Telephone
(317) 637-7561 - Facsimile

- 27 -

Attorney for Menard, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document is being served upon counsel of record for Plaintiffs on April 11, 2024, via electronic service.

By:   /Charles J. Meyer/
       Charles J. Meyer