IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V.,

*Plaintiffs*,

v.

MENARD INC.,

*Defendant, Third-Party Plaintiff*

v.

LUMINEX INTERNATIONAL COMPANY, LTD.; RICHPOWER INDUSTRIES, INC.; EAST WEST COMMERCE CO., INC.; ALERT REEL MANUFACTURING, LLC; BEST LIGHTING PRODUCTS, INC.; K LIVE D/B/A BULB STAR; CL CORPORATION D/B/A PINEGREEN LIGHTING; GOOD EARTH LIGHTING, INC.; GT INDUSTRIAL PRODUCTS, L.L.C; SOARING TECHNOLOGY CO., LTD; ZONE INDUSTRY CORPORATION; CANARM, LTD.; TEST RITE PRODUCTS CORPORATION

*Third-Party Defendants*

**Civil Action No. 3:22-cv-00706**

District Judge James D. Peterson

Magistrate Judge: Anita M. Boor

**DEFENDANT AND THIRD-PARTY DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO STAY PENDING *INTER PARTES* REVIEW**

# TABLE OF CONTENTS


I. BACKGROUND AND CASE STATUS ........ 2

II. LEGAL STANDARD ........ 3

III. ARGUMENT ........ 5

A. This Case Is Still Relatively Early In The Proceedings ........ 5

B. A Stay Will Not Unduly Prejudice Or Tactically Disadvantage Signify ........ 6

C. A Stay Will Likely Substantially Simplify The Issues In Question And Streamline The Trial ........ 8

D. A Stay Will Reduce The Burden On The Parties And On The Court ........ 12

IV. CONCLUSION ........ 13

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Bear Archery, Inc v. AMS, LLC*,
No. 18-cv-329-jdp, 2019 U.S. Dist. LEXIS 16947 (W.D. Wis. 2019).............................4, 5, 6

*Brunswick Corp. v. U.S.*,
36 Fed. Cl. 204 (Fed. Cl. 1996) ....................................................................................7

*Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*,
77 FR 48680 (Aug. 14, 2012) (to be codified at 37 C.F.R. pt. 42)..........................................4

*Cherokee Nation of Oklahoma v. U.S.*,
124 F.3d 1413 (Fed. Cir. 1997)..........................................................................................3

*Douglas Dynamics, LLC v. Meyer Prods. LLC*,
No. 14-cv-886-jdp, 2015 U.S. Dist. LEXIS 171077 (W.D. Wis. 2015).............................5, 12

*Hill-Rom Servs., Inc. v. Stryker Corp.*,
No. 1:11-cv-1120-JMS-DKL, 2012 U.S. Dist. LEXIS 165470 (S.D. Ind. Nov. 20, 2012) .....................................................................................................3, 8, 13

*Intell. Ventures II LLC v. Kemper Corp.*,
No. 6:16-cv-0081, 2016 U.S. Dist. LEXIS 181431 (E.D. Tex. Nov. 7, 2016)..........................7

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) ............................................10

*Knauf Insulation, LLC v. Johns Manville Corp.*,
No. 1:15-cv-00111-WTL-MJD, 2015 U.S. Dist. LEXIS 153507 (S.D. Ind. 2015) .......................................................................................................................7

*Luminex Int'l Co., Ltd. v. Signify Holdings B.V.*,
IPR2024-00101, Paper 14 (PTAB Sept. 9, 2024) (attached as Exhibit 1)................................1

*Milwaukee Elec. Tool Corp. v. Hilti, Inc.*,
138 F. Supp. 3d 1032 (E.D. Wis. Oct. 2, 2015)...............................................................8, 10

*NFC Tech. LLC v. HTC Am., Inc.*,
No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)....9

*Out Rage, LLC v. New Archery Prods. Corp.*,
No. 11-cv-701-bbc, 2012 U.S. Dist. LEXIS 191154 (W.D. Wis. 2012)....3

*Procter & Gamble Co. v. Kraft Foods Glob., Inc.*,
549 F.3d 842 (Fed. Cir. 2008)....3

*Serv. Sol. U.S., L.L.C. v. Autel.US Inc.*,
No. 13-10534, 2015 WL 401009 (E.D. Mich. Jan. 28, 2015)....10

*Slip Track Sys., Inc. v. Metal Lite, Inc.*,
159 F.3d 1337 (Fed. Cir. 1998)....4

*Sotera Wireless, Inc. v. Masimo Corp.*,
IPR2020-01019, Paper 12, 2020 WL 7049373 (PTAB Dec. 1, 2020)....10

*Ultratec, Inc. v. Sorenson Commc'ns., Inc.*,
No. 13-cv-346-bbc, 2015 U.S. Dist. LEXIS 56983 (W.D. Wis. 2015)....6

*Ultratec, Inc. v. Sorenson Commc'ns., Inc.*,
No. 13-cv-346-bbc, 2015 U.S. Dist. LEXIS 62561 (W.D. Wis. 2015)....4

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014)....5, 8

*Wright v. U.S.*,
53 Fed. Cl. 466 (Fed. Cl. 2002)....7

**REGULATIONS**

37 C.F.R. § 42.100(c)....8

**OTHER AUTHORITIES**

157 Cong. Rec. S5319 (daily ed. Sept. 6, 2011) (statement of Sen. Jon Kyl)....4

157 Cong. Rec. S952 (daily ed. Feb. 28, 2011) (statement of Sen. Chuck Grassley)....4

H. Rep. No. 112-98, pt. 1 (2011)....4

# TABLE OF EXHIBITS

| Ex. No. | Description |
|---|---|
| 1 | IPR 2024-00101 Decision Granting Inter Partes Review of U.S. Patent No. 10,299,336 |
| 2 | United States Patent Trial and Appeal Board Trial Statistics for Fiscal Year 2024 3rd Quarter |

Defendant, Menard Inc. ("Menard") and the undersigned Third-Party Defendants, respectfully move the Court to stay this case pending the result of the *inter partes* review ("IPR") instituted in the United States Patent and Trademark Office ("USPTO") on September 9, 2024, at the request of Third-Party Defendant, Luminex International Company, Ltd. ("Luminex"). *See Luminex Int'l Co., Ltd. v. Signify Holdings B.V.*, IPR2024-00101, Paper 14 (PTAB Sept. 9, 2024) (attached as Exhibit 1) (the "'336 Patent IPR Institution Decision"). The IPR proceeding will address the validity of all claims of U.S. Pat. No. 10,299,336 (the "'336 Patent").

The '336 Patent is the most impactful of the six Patents-in-Suit (U.S. Patent Nos. 10,299,336, 7,348,604, 7,658,506, 7,038,399, 7,256,554, and 7,737,643). As identified in Appendix A of the Joint Chart Regarding Patent Claims at Issue in Summary Judgment Motions (Dkt. 338), nearly half of all Accused Products (76 out of 170) are accused of infringing the '336 Patent—the most of any of the Patents-in-Suit. Of those seventy-six (76) products, fifty-four (54) of them—almost a third of the total Accused Products—are ***only*** accused of infringing the '336 Patent. Additionally, the term of the '336 Patent extends nearly nine years beyond any of the other Patents-in-Suit.

The USPTO's decision on the validity of the '336 Patent will substantially simplify the issues and streamline the trial in this case. A complete stay of the case is the most efficient method of staging this dispute, and would spare all parties involved, including the Court, a significant amount of work and expense, including potentially duplicative efforts, until the USPTO reaches its final written decision. A stay would not impose undue prejudice on Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively "Signify").

## I. BACKGROUND AND CASE STATUS

Signify filed its complaint in the present case (Dkt. 1) on August 12, 2022, in the Northern District of Ohio, alleging that certain lighting products sold by Menard infringe certain claims of the Patents-in-Suit. Menard filed its answer (Dkt. 17) on October 14, 2022, and its Third-Party Complaint on October 27, 2022 (Dkt. 20).[1] On December 9, 2022, the Northern District of Ohio granted Menard's motion to transfer this case to the Western District of Wisconsin. After a temporary delay to allow the Court time to rule on Signify's Motion to Sever the Third-Party Defendants, a telephonic scheduling conference was held on September 28, 2023, less than a year ago. The parties began fact discovery after said scheduling conference.

On October 25, 2023, Luminex petitioned the USPTO requesting *inter partes* review of all claims of the '336 Patent. Ex. 1, 2. On May 9, 2024, the Patent Trial and Appeal Board ("PTAB" or "Board") initially denied institution of the IPR on procedural grounds, finding the petition time barred. *Id.*, 4. On June 6, 2024, Luminex filed a Petition for Director Review, arguing that the PTAB erred in finding the Petition time bared. *Id.* Following a Director Review, the Director vacated the decision denying institution, found the Petition was not time barred, and remanded the Petition to the Board for further proceedings on the merits. *Id.*, 4-5. On September 9, 2024, the Board granted institution of *inter partes* review of all claims of the '336 Patent. *Id.*, 65. The Board provided over 40 pages of detailed analysis regarding Luminex's invalidity contentions and found that Luminex demonstrated a reasonable likelihood of proving the claims of the '336 Patent unpatentable. *Id.*, 19 ("Petitioner establishes sufficiently for purposes of institution that Chaimberg discloses or renders obvious the inventions covered by claims 1, 3, 6–9, 11–13, 15,

[1] An amended answer (Dkt. 201) and amended Third-Party Complaint (Dkt. 202) were filed on October 19, 2023 in compliance with the Court's scheduling order.

and 17–19"); *id.*, 34 ("Petitioner establishes sufficiently for purposes of institution that the combined disclosures in Chaimberg and Roberge teach the inventions covered by claims 2, 4, 5, 10, 14, 16, and 20."); *id.*, 65 ("Based on the arguments and evidence presented by the parties, we determine that there is a reasonable likelihood Petitioner would prevail with respect to at least one claim challenged in the Petition.").

In this case, the parties have engaged in some written discovery. The parties have exchanged technical (but not damages) expert reports. However, no fact or expert depositions have been taken to date. Dispositive motion briefing was recently completed on September 3, 2024, but presumably has yet to be reviewed by the Court. The deadline to disclose damages experts is approaching but has not yet passed. The close of fact discovery is more than three months away on December 20, 2024, with trial currently scheduled to begin on March 17, 2025.

## II. LEGAL STANDARD

District courts have inherent authority and broad discretion to manage their dockets and stay proceedings, including the authority to stay a case pending resolution of related proceedings before the PTO. *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008); *Out Rage, LLC v. New Archery Prods. Corp.,* No. 11-cv-701-bbc, 2012 U.S. Dist. LEXIS 191154, at *5 (W.D. Wis. 2012) ("It is within the court's inherent power to stay proceedings pending reexamination of an asserted patent, in the interests of efficiency for the litigants, counsel and the court.") (citing *Cherokee Nation of Oklahoma v. U.S.*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)). Indeed, stays are often favored in infringement suits involving co-pending review of the asserted patents by the PTO. *Hill-Rom Servs., Inc. v. Stryker Corp.*, No. 1:11-cv-1120-JMS-DKL, 2012 U.S. Dist. LEXIS 165470 (S.D. Ind. Nov. 20, 2012). The policy in favor of stays while parallel proceedings are ongoing before the PTO is especially appropriate with

respect to cases involving co-pending IPR proceedings, which were designed "to limit unnecessary and counterproductive litigation costs" and "create a timely, cost-effective alternative to litigation." *Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 FR 48680 (Aug. 14, 2012) (to be codified at 37 C.F.R. pt. 42); *see also* H. Rep. No. 112-98, pt. 1, at 48 (2011) (post-grant review procedures designed to be "quick and cost effective alternatives to litigation"); 157 Cong. Rec. S952 (daily ed. Feb. 28, 2011) (statement of Sen. Chuck Grassley) (IPR intended to provide "faster, less costly alternative[] to civil litigation to challenge patents"); 157 Cong. Rec. S5319 (daily ed. Sept. 6, 2011) (statement of Sen. Jon Kyl) (post-grant review, including IPR, meant to be "an inexpensive substitute for district court litigation" that "allows key issues to be addressed by experts in the field").

When considering whether to impose a stay, the court must balance interests favoring a stay against interests frustrated by the action. Courts analyzing this balance often consider:

> (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

*Bear Archery, Inc v. AMS, LLC,* No. 18-cv-329-jdp, 2019 U.S. Dist. LEXIS 16947, at *2 (W.D. Wis. 2019) (Judge Peterson). "A stay is favored generally where 'the outcome of the [IPR] would be likely to assist the court in determining patent validity and, if the claims were canceled in the [IPR], would eliminate the need to try the infringement issue.'" *Ultratec, Inc. v. Sorenson Commc'ns., Inc.,* No. 13-cv-346-bbc, 2015 U.S. Dist. LEXIS 62561, at *7 (W.D. Wis. 2015) (quoting *Slip Track Sys., Inc. v. Metal Lite, Inc.,* 159 F.3d 1337, 1341 (Fed. Cir. 1998)); *see also*

*Douglas Dynamics, LLC v. Meyer Prods. LLC,* No. 14-cv-886-jdp, 2015 U.S. Dist. LEXIS 171077 (W.D. Wis. 2015) (Judge Peterson) (granting motion to stay in view of institution of an IPR).

## III. ARGUMENT

### A. This Case Is Still Relatively Early In The Proceedings

Generally, the time to evaluate the stage of the litigation is at the time the motion to stay is filed. *VirtualAgility Inc. v. Salesforce.com, Inc*., 759 F.3d 1307, 1317 (Fed. Cir. 2014). Substantively, this case is still relatively early in the proceedings. A stay would prevent the waste of further resources, including the Courts, by continuing to litigate issues in parallel (that may even turn out to be unnecessary).

The close of fact discovery is more than three months away on December 20, 2024, and trial is still approximately six months away. The parties have not taken a single deposition and the deadline to disclose damages experts is October 4, 2024. The most recent substantive undertaking by the Parties was dispositive motion briefing, which only recently concluded on September 3, 2024. The briefs alone total almost 900 pages, and the collective Proposed Findings of Fact total over 1300 pages. Taking into consideration the findings of facts and exhibits filed by both parties in support of their respective arguments, the dispositive motion filings include over 2,000 pages. Yet with this voluminous briefing having only just concluded, the Court has presumably not yet had time to review these papers. Staying this case in view of the imminent PTAB proceedings would save the Court considerable resources in having to review and decide numerous issues in the Parties' dispositive motion briefing.

This is comparable to this Court's decision in *Bear Archery,* where this Court granted a stay seven months before trial. 2019 U.S. Dist. LEXIS 16947; *see also Douglas Dynamics, LLC*, 2015 U.S. Dist. LEXIS 171077, at *2 (Judge Peterson) (granting stay where "although the case

has progressed somewhat and the trial date has been scheduled, there is still much to be done."). As noted in *Bear Archery,* "[t]his court has denied stays when trial is imminent or when trial has already occurred." 2019 U.S. Dist. LEXIS 16947 at *2. That is not the case here. There are more than three months left in fact discovery and the parties have yet to address any damages issues or take any depositions (fact or expert). A stay would save the parties from conducting potential fact depositions of witnesses from 15 different parties, expert depositions of five different technical experts, and conducting any discovery regarding damages—including additional depositions.

Finally, Defendants did not delay in filing this motion. The IPR was only just instituted on September 9, 2024. Defendants moved as quickly as reasonably possible to bring this motion before the Court following institution. *Ultratec, Inc. v. Sorenson Commc'ns., Inc*., No. 13-cv-346-bbc, 2015 U.S. Dist. LEXIS 56983, at * 3 (W.D. Wis. 2015) (Judge Peterson) ("Ordinarily, the court would not readily issue a stay when the patents-in-suit are the subject merely of a petition for *inter partes* review . . . .").

The potential to save considerable Party and Court resources results in this factor weighing in favor of a stay.

**B. A Stay Will Not Unduly Prejudice Or Tactically Disadvantage Signify**

The next factor to be considered in evaluating Defendants' motion to stay is whether a stay will unduly prejudice or tactically disadvantage Signify. It will not.

First, any delay inherent in the IPR process does not by itself constitute undue prejudice. Signify will still be able to pursue all available remedies after the stay is lifted. Signify may be compensated by monetary damages for any supposed injury incurred during the stay. Damages, including interest, for any alleged infringing sales is easily calculable. Further, Signify operates an extensive licensing program with 1500+ licensees. The fact that money is a sufficient remedy

from 1500+ entities further supports that monetary damages would be sufficient to compensate for any delay caused by a stay. *See Intell. Ventures II LLC v. Kemper Corp.*, No. 6:16-cv-0081, 2016 U.S. Dist. LEXIS 181431, at *10 (E.D. Tex. Nov. 7, 2016) ("Plaintiff is a licensing entity and only seeks a monetary remedy for infringement. A delay in enforcing Plaintiff's patent rights, however long, would only serve to defer a potential damages award. As this Court stated . . . while a delay in enforcement of patent rights is certainly an interest entitled to weight, that factor is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion.") (internal quotation marks omitted).

Of the five other Patents-in-Suit, one has already expired and two more will expire in March 2025—before trial commences. The final two (U.S. Patent Nos. 7,348,604 and 7,658,506) will expire shortly thereafter, on May 19, 2026, and February 1, 2028, respectively. Generally, the smaller the remaining duration of a patents term, the less value the patent holds. *See Wright v. U.S.*, 53 Fed. Cl. 466, 477 (Fed. Cl. 2002) ("[*Georgia-Pacific*] [f]actor 7 embodies the conventional wisdom that the longer the remaining duration of a patent term, the more willing a hypothetical licensee is to pay a higher royalty rate.") (quoting *Brunswick Corp. v. U.S.*, 36 Fed. Cl. 204, 214 (Fed. Cl. 1996)). The fact that the other Patents-in-Suit will either have expired or have relatively limited patent term left quashes any argument that Signify will suffer any undue prejudice due to any delay of the case.

Further, while some courts have found prejudice to the patentee in cases where the parties are direct competitors, courts are unlikely to find such prejudice where, as here, the patentee has chosen not to seek a preliminary injunction. "Many courts have found that a patentee's arguments of undue prejudice are undermined if no preliminary injunction has been sought." *Knauf Insulation, LLC v. Johns Manville Corp.*, No. 1:15-cv-00111-WTL-MJD, 2015 U.S. Dist. LEXIS

153507, at *5 (S.D. Ind. 2015) (citing *Hill-Rom Servs., Inc. v. Stryker Corp.*, N. 1:11-cv-1120-JMS-DKL, 2012 WL 5878087, at *2 (S.D. Ind. Nov. 20, 2012) ("attempts by a patentee to argue undue prejudice are undermined if it has elected not to pursue a preliminary injunction")); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1320 (Fed. Cir. 2014) (finding that a patentee's delays to seek "preliminary injunctive relief belie its claims that it will be unduly prejudiced by a stay"); *Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, 138 F. Supp. 3d 1032, 1041 (E.D. Wis. Oct. 2, 2015) ("the plaintiffs' failure to file for a preliminary injunction at least partially 'belie[s]' their claim that they will be unduly prejudiced by a stay") (quoting *VirtualAgility,* 759 F.3d 1307 at 1320). This case is no different. Signify did not seek a preliminary injunction. This diminishes, if not moots, any prejudice Signify may claim if the potential entry of a permanent injunction is delayed. This is especially true considering monetary damages would be sufficient to compensate for the delay.

Finally, there is little risk for loss of evidence. Most of the documentary evidence has been produced and all Parties presumably have litigation holds in place. Moreover, the required duration of the stay is finite. A final written decision is normally issued no more than one year from institution. 37 C.F.R. § 42.100(c).

Regardless, as detailed below, any potential prejudice to Signify would be outweighed by the simplification of the issues for trial and by avoiding the risk of wasting the Parties' and the Court's time and resources to continue in a parallel and duplicative proceeding.

This factor weighs in favor of a stay.

### C. A Stay Will Likely Substantially Simplify The Issues In Question And Streamline The Trial

Often, "the most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of issues before the

Court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015). The IPR proceeding is likely to narrow, if not eliminate entirely, many issues in this litigation. The USPTO is reviewing the validity of *all* claims of the '336 Patent, and there is a strong likelihood that at least one or more of them will be found invalid. Again, the Board provided over 40 pages of detailed analysis regarding Luminex's invalidity contentions and found that Luminex demonstrated a reasonable likelihood of proving the claims of the '336 Patent unpatentable. *See* Ex. 1, 19 ("Petitioner establishes sufficiently for purposes of institution that Chaimberg discloses or renders obvious the inventions covered by claims 1, 3, 6–9, 11–13, 15, and 17–19"); *id.*, 34 ("Petitioner establishes sufficiently for purposes of institution that the combined disclosures in Chaimberg and Roberge teach the inventions covered by claims 2, 4, 5, 10, 14, 16, and 20."); *id.*, 65 ("Based on the arguments and evidence presented by the parties, we determine that there is a reasonable likelihood Petitioner would prevail with respect to at least one claim challenged in the Petition.")

In a majority of initiated IPRs, claims are held to be unpatentable. Of the 5,635 patent claims on which a final decision was reached between October 1, 2023, and June 30, 2024, 4,413 were found to be unpatentable (~78.3%).[2] If the claims do not survive the IPR, that will eliminate the need to try the invalidity and infringement issues related to the '336 Patent. Additionally, by staying the case until the PTAB issues its final written decision, even if validity is upheld, the Court and Parties will be able to obtain the expert view of the USPTO, including how the claims and prior art references are interpreted by the PTAB.

---

[2] *See* Ex. 2 (PTAB Trial Statistics FY24 Q3 Outcome Roundup IPR, PGR) (available at https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2024_q3_roundup_.pdf).

Furthermore, if the stay is granted, in the event the claims survive the IPR, Menard and the undersigned third-party Defendants with products accused of infringing the '336 Patent make the following *Sotera* stipulation[3]:

> To eliminate overlap between this IPR and the District Court Case, if a stay is granted and assuming the IPR continues to a final written decision with appeals exhausted, Menard and the third-party Defendants with products accused of infringing the '336 Patent stipulate that they will not pursue in the District Court the same grounds raised in the IPR or any grounds that could have reasonably been raised in the IPR.

*See Sotera Wireless, Inc. v. Masimo Corp*., IPR2020-01019, Paper 12, 2020 WL 7049373 (PTAB Dec. 1, 2020). Therefore, if the claims survive the IPR, the Defendants' validity challenge under Section 102 and 103 would be removed from this case.

Therefore, regardless of the outcome, at minimum it will simplify the validity issues and potentially the infringement issues for summary judgement, claim construction, and trial. *See e.g.*, *Milwaukee Elec. Tool Corp*., 138 F. Supp. 3d at 1038 ("[T]he question is merely whether the issues will be simplified, and *not* whether the entire case will be resolved.") (emphasis in original); *see also Serv. Sol. U.S., L.L.C. v. Autel.US Inc.*, No. 13-10534, 2015 WL 401009, at *3 (E.D. Mich. Jan. 28, 2015) (granting a stay and reasoning that "the Court is not convinced that a stay is inappropriate merely because only one patent is under review. Though a stay would have greater potential to simplify the issues if all seven patents were involved in the IPR proceeding, this does not mean that a more limited review would not help simplify the case."); *see also IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 3943058, at *9 (D. Del. Aug. 21, 2019) (collecting cases where district courts have issued stays in which IPR proceedings have been instituted on a fraction of asserted claims in the related litigation and noting "even when IPRs are

[3] Alert Reel, Canarm, Test Rite, and Richpower join in the motion to stay, but have no products accused of infringing the '336 Patent. Therefore, they are not joining in the *Sotera* stipulation.

instituted on fewer than all the asserted claims, the policies favoring simplification and the reduction of litigation burdens on the parties and the court are often applicable").

As explained above, the '336 Patent is the most impactful Patent-in-Suit. Of the 170 accused products, 76 (nearly half) are accused of infringing the '336 Patent. That is the most products with respect to any of the Patents-in-Suit. Of those seventy-six products, fifty-four (54)—almost a third of the total Accused Products—are ***only*** accused of infringing the '336 Patent. *See* Dkt. 338. Additionally, the term of the '336 Patent extends nearly nine years beyond the remaining Patents-in-Suit. Given the considerable number of products accused of infringing the '336 Patent—and the length of the '336 Patent term remaining—the '336 IPR outcome will be crucial in dictating the terms of any potential settlement and could further incentivize the Parties to engage in settlement talks, irrespective of the PTAB's ultimate decision.

If the claims of the '336 Patent are found invalid, it will substantially change the issues remaining for trial. Absent a stay, there is a substantial risk of a significant waste of resources for work that will need to be completed while this litigation progresses. Depending on the IPR outcome, it will most likely at least require significant redrafts of work conducted between now and the issuance of the PTAB's decision to reflect the potential changes in the issues.[4] If the case continues in parallel, the Parties (and the Court) will continue to dedicate significant time and resources to the '336 Patent. Expert reports on damages, depositions, the preparation of evidence for trial, motions in limine, and Daubert motions, all will require the Parties' resources to prepare arguments and positions around the issues presented by the '336 Patent. If the '336 Patent is held invalid, all of these resources would be wasted and more would have to be spent to account for the removal of the '336 Patent from this case. Alternately, even if the '336 Patent is held valid in its

[4] Many of the issues raised in the dispositive motions may be simplified or mooted in their entirety.

entirety, the Parties and the Court will have the benefit of the PTAB's expertise on several important issues.

Further, continuing this litigation in parallel risks receiving conflicting opinions. For example, the '336 Patent's validity could be upheld by this Court, but not at the PTAB; or vice versa. A conflicting opinion would prejudice the Defendants, especially for the fifty-four (54) products only accused of infringing the '336 Patent. If a permanent injunction is entered and/or damages are awarded on a patent soon after found to be invalid by the PTAB, Defendants would be greatly prejudiced. Moreover, the Court and the Parties would be prejudiced if a stay is not entered because significant resources will have to be expended on issues that may later become moot.

If a stay is granted, the issues surrounding nearly half of all Accused Products may be greatly simplified. And for approximately a third of these, the need to try the invalidity, infringement, and damages issues may be eliminated entirely.

This factor weighs in favor of a stay.

### D. A Stay Will Reduce The Burden On The Parties And On The Court

A stay will reduce the burden of the parties and the Court and reduce the risk that the Parties and the Court expend unnecessary resources that are statistically likely to be mooted. In contrast, allowing the case to continue, even in part, while the IPR proceeds may substantially increase and/or create duplication in the burden of this litigation on the Parties and the Court. The Board has instituted *inter partes* review of the '336 Patent with an initial determination that the petition establishes a reasonable likelihood of proving the claims of the '336 Patent unpatentable. "A stay would spare everyone a significant amount of work and expense until PTAB reaches its decision." *Douglas Dynamics, LLC*, 2015 U.S. Dist. LEXIS 171077 at *2.

Litigating this case while the IPR is proceeding in parallel risks a significant waste of resources on the part of the Court and the Parties. There is also the potential for conflicting opinions being reached in this litigation and at the PTAB. Courts in the 7th Circuit have thus consistently recognized that, in light of the "significant probability that . . . both parties will waste resources litigating issues that will be rendered moot by the PTO's findings," a stay "is likely to save both parties substantial costs and prevent duplicative, and possibly inconsistent, proceedings between the Court and the PTO." *Hill-Rom*, 2012 U.S. Dist. LEXIS 165470, at *16-17.

Accordingly, this factor weighs in favor of a stay.

## IV. CONCLUSION

Because the relevant factors weigh in favor of a stay, the Defendants' respectfully request the Court to enter an order staying the proceedings of this case pending the result of the IPR proceeding involving the '336 Patent in the USPTO.

/s/ Charlies Meyer
Charles J. Meyer
Woodard, Emhardt, Henry, Reeves &
Wagner LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204
(317) 713-4934 - Telephone
(317) 637-7561 - Facsimile
cjmeyer@uspatent.com
*Attorney for Menard, Inc.*

*/s/ William E. Devitt*
William E. Devitt
Jeffrey S. Messing
Ryan D. Camp
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Phone: 312.782.3939
wdevitt@jonesday.com
jmessing@jonesday.com
rcamp@jonesday.com

Vishal V. Khatri
JONES DAY
51 Louisiana Avenue
Washington, DC 20001
Phone: 202.879.3939
vkhatri@jonesday.com

Nicholas Bagnolo
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
nbagnolo@jonesday.com

Shane A. Brunner
MICHAEL BEST
One South Pinckley Street, Suite 700
Madison, WI 53703
Phone: 608.257.3501
sabrunner@michaelbest.com
*Counsel for Third-Party Defendant Luminex International Company, Ltd.*

*/s/ Ruth Rivard*
Ruth A. Rivard (MN #327591)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Phone: (612) 335-1500
Fax: (612) 335-1657
ruth.rivard@stinson.com
*Attorney for Third-Party Defendant Zone Industry Corporation and Third-Party Defendant CL Corporation d/b/a Pinegreen Lighting*

*/s/ Nicholas Whitelaw*
Nicholas Whitelaw (admitted pro hac vice)
DIEDERIKS & WHITELAW, PLC
4196 Merchant Plaza #815
Woodbridge, VA 22192
Tel: 703-583-8300
nwhitelaw@dwpatentlaw.com

Joseph T. Leone (# 1018149)
Elijah B. Van Camp (#1100259)
C. Kai Hovden (#1106888)
DEWITT LLP
25 West Main Street, Suite 800
Madison, WI 53703
Tel: 608-255-8891
Fax: 608-252-9243
jtl@dewittllp.com
evc@dewittllp.com
ckh@dewittllp.com
*Attorneys For Third-Party Defendant-Cross-Claimant Best Lighting, Inc.*

*/s/ Aaron T. Olejniczak*
Aaron T. Olejniczak (Wis. Bar No. 1034997)
aarono@andruslaw.com
Christopher R. Liro (Wis. Bar No. 1089843)
chris.liro@andruslaw.com
Edward R. Williams, Jr. (Wis. Bar. No. 1001411)
edw@andruslaw.com

ANDRUS INTELLECTUAL PROPERTY LAW, LLP
790 North Water Street, Suite 2200
Milwaukee, WI 53202
Phone: (414) 271-7590
Fax: (414) 271-5770
*Attorneys for Third Party Defendant Richpower Industries Inc*

*/s/ James M. Oehler*
James M. Oehler (admitted pro hac vice)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606
T: 312-372-2000
joehler@mwe.com
*Counsel For Third-Party Defendant Good Earth Lighting, Inc.*

/s/ Joseph T. Leone
Joseph T. Leone (# 1018149)
Elijah B. Van Camp (#1100259)
C. Kai Hovden (#1106888)
DEWITT LLP
25 West Main Street, Suite 800
Madison, WI 53703
Tel: 608-255-8891
Fax: 608-252-9243
jtl@dewittllp.com
evc@dewittllp.com
ckh@dewittllp.com
*Attorneys For Third-Party Defendant-Cross-Claimant Alert Reel Manufacturing, LLC*

*/s/ Ben D. Kappelman*
Ben D. Kappelman (#0395122)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868
kappelman.ben@dorsey.com
*Attorney for Third-Party Defendant GT Industrial Products, L.L.C.*

*/s/ Kyle W. Kellar*
Kyle W. Kellar
Lewis Roca Rothgerber Christie LLP
655 N. Central Ave., Suite 2300
Glendale, CA 91023
T: 626-795-9900
kkellar@lewisroca.com
*Counsel For Third-Party Defendant Test-Rite Products Corp*

*/s/ Matthew S. DeAntonio*
Matthew S. DeAntonio
Bradley Arant Boult Cummings LLP
214 N. Tryon St.
Suite 3700
Charlotte, NC 28202

Andrew W. Erlandson
HURLEY BURISH, S.C.
33 E. Main Street, Ste. 400
Post Office Box 1528
Madison, WI 53701-1528
*Counsel For Canarm, Ltd*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2024 the foregoing was served on counsel for Plaintiff using the following designated email address: signify-menards@venable.com

Dated: September 17, 2024

*/s/ William E. Devitt*

William E. Devitt
**JONES DAY**
110 N. Wacker Drive
Suite 4800
Chicago, IL 60606
Telephone: (312) 269-4240
Facsimile: (312) 782-8585
Email: wdevitt@jonesday.com