IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SIGNIFY NORTH AMERICA CORPORATION and
SIGNIFY HOLDING B.V.,

                Plaintiffs,

  v.

MENARD, INC.,

                                            OPINION and ORDER

                Defendant,

                                                  22-cv-706-jdp

  v.

LUMINEX INTERNATIONAL COMPANY, LTD., et
al.,

                Third-party defendants.

---

        Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively "Signify") are suing defendant Menard, Inc. for selling lighting products that infringe six patents related to LED lighting. Menard has filed third-party complaints against more than a dozen companies that manufacture the accused products.

        Menard and the third-party defendants move for a stay pending resolution of *inter partes* review of the '336 patent, which has been initiated by the Patent Trial and Appeal Board. Dkt. 343. Plaintiff opposes, contending that we are well along in this litigation and, regardless of the outcome of the *inter partes* review, there are five other patents at issue. Dkt. 347.

        This has become an extraordinarily ponderous case, even among typically ponderous patent cases. I won't try to assign blame here (there's plenty to go around), but the summary judgment filings run to well over 2,000 pages—and that's just the briefs and proposed findings of fact, not the underlying evidence. The dispute over the '336 patent is a major component of

the case. Plaintiff's briefing in opposition to the defendants' motion for summary judgment on the '336 patent alone is 106 pages of a 290-page brief. Dkt. 321. So the *inter partes* review has the potential to streamline this case significantly, even if a lot work will be left afterward.

The court will grant the motion and stay the entire case. The court's *Douglas Dynamics* conditions apply: the parties will have to live with the decision of PTAB; defendants are estopped from asserting any grounds for invalidity that were or could have been presented in the petition for *inter partes* review; grounds presented to the PTAB but on which the PTAB did not institute review are not estopped. *Douglas Dynamics, LLC v. Meyer Prod. LLC*, No. 14-CV-886-JDP, 2017 WL 1382556, at *6 (W.D. Wis. Apr. 18, 2017).

The court will deny all the pending motions without prejudice. The court will provide further instructions and limitations for any motions the parties may refile after the conclusion of the *inter partes* review.

ORDER

IT IS ORDERED that:

1. Defendants' motion to stay this case pending the result of the *inter parties* review instituted by the USPTO on September 9, 2024, Dkt. 343, is GRANTED, subject to the conditions stated above.

2. The pending motions for summary judgment. Dkt. 299, Dkt. 301, and motions to strike, Dkt. 295, Dkt. 322, are DENIED WITHOUT PREJUDICE, subject to rebriefing after the conclusion of *inter partes* review.

Entered October 1, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge